Grafton,
No. 4300.

ESTHER T. BENJAMIN *v.* GERALD BENJAMIN.

Submitted June 3, 1954.

Decided June 23, 1954.

*Shulins & Duncan* for the libelant.

*Frederic W. Harrington, Jr.* for the libelee.

KENISON, C. J. The original order in this matter entered in 1944 required the father to make weekly payments of twelve dollars through the Probation Department for the benefit of the child whose custody was committed to her grandparents. This decree was made under the provisions of R. L., *c*. 339, *s*. 33, which provides as follows: "SUPPORT OF CHILDREN. In cases where husband and wife are living apart the court, upon petition of either party, may make such order as to the custody and maintenance of the children as justice may require; and all appropriate provisions of this chapter shall apply to such proceedings." This statute authorized the order of custody and maintenance of the child and was valid. *Trow* v. *Trow*, 95 N. H. 529.

Sometime after the original order and prior to 1946 the parents resumed marital relations for a period of time but the child remained in the care and custody of the grandparents. The decree of divorce issued in 1947 in proceedings instituted by the mother in 1946 made no change in the previous order of custody of the child and was silent as to support for the child. The mere resumption of marital relations did not annul or modify the original order of custody and support or deprive the court of its power to do so. *Paille* v. *Paille*, 91 N. H. 249. While the father could seek relief from the order of support for his child any time after it was made (*Salta* v. *Salta*, 80 N. H. 218), he could not cease payments rightfully without judicial relief from the order. *Eaton* v. *Eaton*, 90

N. H. 4, 8; *Fowler* v. *Fowler,* 97 N. H. 216. It is the general rule that a divorce decree does not relieve a father of his legal obligation to support his minor child even though custody is awarded to a third person and the decree is silent with respect to any order for support. *Dolloff* v. *Dolloff,* 67 N. H. 512; 81 A. L. R. Anno. 887; 2 Nelson, Divorce and Annulment (2d *ed.*) *s.* 15.61. This brings us to the further question of whether the decree of divorce automatically vacated the original order of support for the child so that it was no longer in force and effect.

It is a general rule in this state that orders in domestic relation proceedings are not repealed by implication and continue in effect until modified by judicial action. *Powell* v. *Powell,* 97 N. H. 301. More specifically a decree involving the custody and support of children "remains in effect until modified or cancelled by another decree." *Lund* v. *Lund,* 96 N. H. 283, 285. The libelant argues that the Trial Court's ruling is contrary to the rule that orders of support and custody of a child remain in effect until modified and is against the best interests of the child. "The effect of the ruling of the Court below is that by silence the divorce decree relieves the father of his duty to support his child and has left the child without a custodian during these years. The decree is silent as to support and no order of custody was made at that time. If no orders were made at that time it must follow that those in force continue. . . . It is not realistic to suppose that the Court found it best there should be no order of support for the benefit of the child or that custody not be given to any specific person." See *Moore* v. *Moore,* 96 N. H. 130, 133. Inasmuch as the statute contemplates that orders for the support, education and custody of children "shall be most conducive to their benefit" (R. L., *c.* 339, *s.* 15), it is not to be presumed that a divorce decree will deprive a child of both custody and support. Orders for support and custody may be modified and annulled by the Trial Court at any time. *LeBeau* v. *LeBeau,* 80 N. H. 139. If a prior order of support and custody is to be modified or vacated it should not be left to implication. *Fowler* v. *Fowler,* 97 N. H. 216, 218. There is nothing in the record in this case to indicate that the divorce decree was intended to vacate the custody and support order and it remains in effect until modified or annulled by judicial action. *Paille* v. *Paille,* 91 N. H. 249, 250; *Fowler* v. *Fowler, supra.*

The manner in which that order should now be enforced may be determined by the Trial Court as it may think just and reasonable

under all the circumstances. *Sheafe* v. *Sheafe*, 24 N. H. 564, 568; *Baker* v. *Baker*, 90 N. H. 307, 309.

*Exceptions sustained.*

All concurred.