Argued September 15, affirmed November 9, 1960

# BRINK ET UX *v.* MULTNOMAH COUNTY

356 P. 2d 536

*Leo Levenson,* Portland, argued the cause and submitted briefs for appellants.

*Julian Herndon, Jr.,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was Charles E. Raymond, District Attorney, Portland.

Before McAllister, Chief Justice, Warner, Sloan, O'Connell and Howell, Justices.

O'CONNELL, J.

The defendant county initiated a condemnation proceeding to acquire a portion of plaintiffs' land for the purpose of relocating and widening a county road. The Board of County Commissioners fixed the damages for the taking at $5,725. Plaintiffs appealed to the Circuit Court for Multnomah County and obtained a verdict and judgment for $8,000, together with interest. Plaintiffs appeal from that judgment, assigning as error the exclusion of certain evidence which they sought to elicit from Elmer Kolberg, a witness called on their behalf.

When Kolberg was called as a witness, defendant's counsel requested to be heard in chambers concerning

the character of the testimony which plaintiffs proposed to elicit from the witness. In the colloquy in chambers which followed, defendant's counsel stated that Kolberg had been "previously employed for compensation by Multnomah county here to observe this property in question and to act as a consultant and advisor to me as Deputy District Attorney representing Multnomah County and in that respect has communicated with me in regard to certain data relative to this problem."

Counsel's objection to the use of Kolberg as a witness was stated as follows:

"* * * I believe if he is permitted to testify it will show that he is being called for the purpose of having him testify as to valuations on the property in question as an expert witness and I contend that even though he is under subpoena he cannot be required to give his opinion as an expert witness and I advise the Court and plaintiff's counsel that the sole purpose for which he would be permitted to testify in this case beyond the matters pertaining to the question of valuation as an expert would be for the purpose of bringing to the attention of the jury that this—that Mr. Kolberg had been employed by Multnomah County and that in the event he is not called as a witness by the County, counsel for the property owner intends to use the fact that he has not been called by the County as the basis for an inference that if we had called him his testimony as an expert witness would be adverse to the position of the County in this case. I contend that by such a method and after having been previously forewarned by counsel for the County, that to indirectly get before the jury the fact that he is not called or get before the jury even directly that he is not called by the County gives an unfair inference here, over which the County has no control and it is intended and will be to the prejudice of the County and that these matters are brought to the attention

of the Court and counsel in chambers preliminary to the development of this matter in open court, in order that the jury would not be apprised of a circumstance which leads to an improper inference."

It will be noted that, at this point in the trial, the objection to the witness testifying was not based upon the assertion of the attorney-client privilege, but rather on the ground that Kolberg was an expert witness and that as such he could not be required to testify by one who had not employed him in that capacity. The court, in overruling defendant's objection, gave the following reason:

"THE COURT: It is the understanding of the Court that the Witness Kolberg has been subpoenaed as a witness and the Court therefore will permit the witness to take the stand and as the Court has indicated to counsel, if it develops that this witness has, under arrangement * * * with the County, conducted an appraisal of the property and is in position to give expert testimony, if he declines to give that testimony the Court will sustain the objection and will not force the witness to give his expert opinion."

It is not clear from the foregoing explanation of his ruling whether the trial judge proposed to exclude the testimony concerning the appraisal on the ground of privilege or on the ground asserted by defendant's counsel.

When Kolberg took the stand he testified that he had made an examination of the subject property at the request of Multnomah County. Objection was then made by defendant's counsel to any testimony by the witness "unless there is a showing that this witness has ever been employed by the owner in this case." Here again the objection was not founded upon the assertion of the privilege of confidential communication between

lawyer and client, but upon the ground that one who has not employed an expert witness cannot require him to testify as to those matters within his expertise. The objection was overruled. Thereupon Kolberg continued to testify, stating his qualifications as an expert and describing the subject property. The following testimony was then given:

"Q Now, Mr. Kolberg, at the conclusion of your investigation, did you make a written report to Multnomah County?

"A Yes.

"Q Do you have that report with you?

"MR. WEST: Objected to, your Honor, on the grounds that there is no showing at this time that this gentleman was ever employed by the property owner in this case, and this is an effort to use him as an expert witness and the Court has ruled on this matter, and I am going to object to any matters pertaining to his use as an expert witness in this case unless they show he was employed by the property owner.

"THE COURT: The Court will, if the witness declines to divulge any information with respect to his appraisal of this property, will sustain the witness' right to decline to divulge any such information consistent with the Court's prior ruling as to this matter.

"MR. KITSON: If the Court please, there has been no objection on the part of the witness. The counsel objected on the basis that there has been no showing that the witness was employed by the property owner. The question hasn't been asked - - -

"MR. WEST: Well, he asked him to produce some report.

"THE WITNESS: The question—he asked, have I written a report. There has been no question beyond that.

"THE COURT: He may continue.

"MR. CURRAN: Do you have that report with you, Mr. Kolberg, or a copy of it?

"THE WITNESS: I do.

"MR. CURRAN: Would you produce it?

"MR. WEST: Objected to, your Honor, on the grounds that it's - - -

"THE COURT: Well, does the witness—do you decline to produce that report?

"THE WITNESS: That is confidential information between me and my client, and unless I am so ordered, I will not produce it.

"* * * * *

"Q Well, Mr. Kolberg, did you ever make an appraisal of this property?

"A Not a complete before and after, I make an estimate of the damages.

"MR. WEST: That's all.

"MR. CURRAN: What is the amount of that damage?

"* * * * *

"MR. WEST: May I have an objection?

"THE COURT: Yes.

"MR. WEST: On the ground that the witness is claiming privileges.

"MR. KITSON: Mr. West brought that out, your Honor.

"MR. WEST: I did not.

"THE COURT: The Court will ask the witness again here, do you decline to or are you willing to divulge your opinion with respect to the value of this property.

"THE WITNESS: That, again, is confidential information between I and my client, and unless I am relieved of that confidence or so ordered, I prefer not to.

"MR. CURRAN: If the Court please, I would like to register an objection on the record that the damages as testified to by the witness on the stand was brought out by defense counsel, and under cross examination, and that question on re-direct examination on that new material was brought out by the plaintiffs' counsel, and the defense objected and the order was by the Court that the evidence could not be deduced. Therefore, we would like to take exception to the ruling of the Court.

"THE COURT: I don't think the Court has ruled yet, counsel, as to this matter. I think I am just questioning the respective procedure.

"MR. KITSON: It was ruled as to whether or not the appellant brought it in - - -

"MR. WEST: May I make a statement here, your Honor, that the only question I asked was whether or not he had made an appraisal, and the question directed to him which he was permitted to answer, was that he had made a report to Multnomah County, and in order to clarify as to whether that report he is talking about was an appraisal, I asked him one single question, whether he had made an appraisal, and he answered that he had not, so that's the only purpose, and that's all I questioned.

"THE COURT: Was your answer that you - - -

"THE WITNESS: Had not made an appraisal. Not a before and after appraisal.

"MR. KITSON: But the rest of the answer now?

"THE WITNESS: That I had expressed an opinion of the damages.

"MR. CURRAN: We now, on redirect, your Honor, would like to ask him what the opinion of damages is.

"THE COURT: Well, the question, of course, counsel is objectionable in form with regard to that particular matter in any event. I don't think that

the witness, whether his testimony otherwise is admissible or not, can give an opinion with respect to damages. Does counsel understand the Court's position on that with regard to the proper method of approach toward the adducing of the testimony in this matter? If counsel don't understand the Court's position, I would be glad to adjourn to the chambers and clarify it.

"MR. KITSON: All we wanted was a statement on the record, your Honor.

"THE COURT: Any further questions of this witness?

"MR. WEST: I have no further questions.

"MR. KITSON: None here, your Honor.

"THE COURT: You are excused."

■ It is apparent from an examination of the foregoing testimony that there was not a common understanding upon the part of court and counsel as to the basis for excluding Kolberg's testimony. Defendant's counsel seemed to have rested his objection on the ground that an expert witness cannot be required to testify on matters within his expertise by one who has not employed him for that purpose. Both the witness and defendant's counsel referred to the witness' "privilege" but the character of the privilege relied upon was not revealed. The witness gave as his reason the "confidential" character of the information he was asked to divulge. He may have assumed, mistakenly, that the law recognizes a privilege of confidential communications between an appraiser and his client; or he may have inartfully asserted the privilege arising out of the attorney-client relationship which is extended to communications from the client's agent to the attorney under proper circumstances.

The court's rulings do not disclose its basis for assuming that the witness had the privilege of declin-

ing to divulge the information with respect to the appraisal.

Although there was no clear statement of the basis for recognizing the witness' right to withhold his knowledge of the appraisal, the final ruling made by the court in sustaining the objection to the question calling for an opinion on damages was adequately explained. Counsel was informed that the witness' opinion with respect to *damages* was not admissible. Apparently the court had in mind the rule recognized in our cases that a witness may not testify directly as to the amount of damages. *Hanns v. Friedly,* 181 Or 631, 184 P2d 855 (1947); *Coos Bay Logging Co. v. Barclay,* 159 Or 272, 79 P2d 672 (1938); *Smith v. Pallay et al.,* 130 Or 282, 279 P 279 (1929); *Daniels v. Northern Pac. Ry. Co.,* 88 Or 421, 171 P 1178 (1918); *Pacific Ry. & Nav. Co. v. Elmore Packing Co.,* 60 Or 534, 120 P 389, Ann Cas 1914A 371 (1912); *Pacific Livestock Co. v. Murray,* 45 Or 103, 76 P 1079 (1904). The court offered to explain to counsel "the proper method of approach toward the adducing of testimony in this matter." From this, it would appear that the court did not completely foreclose the question of the admissibility of Kolberg's testimony if properly presented. Plaintiff made no objection to this ruling, nor did he make any offer or proof which would obviate the objection stated in the court's ruling. Plaintiff contends that since the court, at this point, had already expressed its view that Kolberg need not testify on plaintiffs' behalf, any further effort on plaintiffs' part to elicit testimony from the witness would have been futile. If that were the case, it is difficult to understand why the court would offer to adjourn to chambers and explain the proper method of "adducing the testimony in this matter." Kolberg had testified

that he had not made an appraisal of the property. His statement that he had not made a "before and after appraisal" indicates, without further explanation, that he was not competent to testify in the present case (applying the Oregon view that a witness may testify as to the value of property before and after the injury or taking but not directly as to the resultant damages). It is fair to assume that this was the thought behind the court's ruling.

 When the plaintiff made no effort to show that Kolberg could testify as to the value of the property before and after the taking, the court apparently assumed that the witness had no information which would be admissible in evidence. Without an offer of proof to show that Kolberg had admissible evidence to offer, the trial court was entitled to assume that plaintiffs had concluded that the witness had nothing which could be admitted into evidence and that for that reason they had decided to pursue the matter no further. Under these circumstances the trial court could treat as irrelevant the question of Kolberg's competency.

 There was another basis for justifying the exclusion of Kolberg's testimony. Defendant's counsel stated to the trial court that Kolberg had been employed by the defendant "to observe this property in question and to act as a consultant and adviser to me as Deputy District Attorney representing Multnomah County and in that respect has communicated with me in regard to certain data relative to this problem." A communication made under the circumstances described by defendant's counsel would fall within the privilege extended to a client for communications with his lawyer. A communication "by *any form of agency* employed or set in motion by the client is within the

privilege." 8 Wigmore, Evidence § 2317, p 616 (3d ed 1940); *City and County of San Francisco v. Superior Court,* 37 Cal2d 227, 231 P2d 26, 31, 25 ALR2d 1418 (1951). The fact that the District Attorney and his staff are, in effect, "house counsel" for the county does not preclude the assertion of the privilege. *Georgia-Pacific Plywood Co. v. United States Ply. Corp.,* 18 FRD 463, 464 (D.C.S.D. NY 1956); *United States v. United Shoe Machinery Corp.,* 89 F Supp 357, 360 (D.C. Mass 1950). But the privilege is not available to the client if the document which is claimed to be the privileged communication was prepared by the client's agent in the regular course of business without reference to an existing or threatened lawsuit. *Schmitt v. Emery,* 211 Minn 547, 2 NW2d 413, 139 ALR 1242 (1942); *Robertson v. Commonwealth,* 181 Va 520, 25 SE2d 352, 146 ALR 966 (1943); McCormick, Evidence § 100, pp 204-205 (1954). Plaintiffs contend that the report sought to be shown in the case at bar was made under such circumstances. The record indicates that the contrary is true. The property was first appraised by a board of viewers pursuant to ORS 368.480. The damages were fixed by the viewers at $5,725, which value was adopted by the Board of County Commissioners. Plaintiffs were dissatisfied with this appraisal and filed their appeal to the Circuit Court. It seems evident that Kolberg's services were not needed until the plaintiffs indicated that they would not accept the board's appraisal. We have, then, an existing or threatened lawsuit at the time Kolberg's report was made to defendant or to its counsel, and the report was made for use in connection with the litigation. As we have said, this was sufficient to bring the report within the privilege. The privilege could be asserted by defendant's counsel. *Schmitt v. Emery,* supra; *In Re*

*Klemann,* 132 Ohio St 187, 5 NE2d 492, 108 ALR 505 (1936) ; *City and County of San Francisco v. Superior Court,* supra.

Plaintiffs cannot seriously contend that they were not apprised of the fact that a privilege was being asserted. The statement made by defendant's counsel in chambers referring to the fact that the witness was employed to act as his "adviser" and "in that respect has communicated with me," coupled with the subsequent objection on the ground that "the witness is claiming privileges" was in itself sufficient to apprise plaintiffs that some kind of a privilege based upon a communication between witness and defendant or its counsel was claimed. The witness' refusal to testify on the ground that his report was "confidential information," although possibly grounded on the misconception that the privilege arose out of the appraiser-client relation, was at least equivocal and was, therefore, additional notice to plaintiffs of a claim of some kind of privilege. If plaintiffs felt that the assertion of privilege was not sufficiently definite, they should have demanded that defendant explain its stand more specifically.

It is possible that plaintiffs' demand for the information contained in its report could have been resisted by defendant's counsel on the ground that it was a part of his "work-product" arising out of his preparation for trial. *Hickman v. Taylor,* 329 US 495, 67 SC 385, 91 L Ed 451 (1947), instructive opinion below reported in 153 F2d 212, 223 (3d Cir 1945) ; *Sparks Co. v. Huber Baking Co.,* 10 Terry (Del Super) 267, 114 A2d 657 (1955) ; McCormick, Evidence § 100 (1954). However, since our conclusion can be rested upon the grounds already discussed, we deem it unnecessary to determine

whether the work-product rule is applicable to the present case.

The plaintiffs contend that they were denied a fair and impartial trial because they were prevented from obtaining the testimony of a witness who could testify as to the value of the property taken from them by the defendant. In urging us to grant a new trial, plaintiffs direct our attention to the statement made by Justice BRAND in *State v. Cahill*, 208 Or 538, 582, 293 P2d 169, 298 P2d 214 (1956), cert. den., 352 US 895, 77 SC 132, 1 L Ed2d 87 (1956), that "[a] trial is no longer a game of wits; it is a search for truth and justice." Still, our judicial system is based upon adversary proceedings, and plaintiffs had the opportunity to, and undoubtedly did, present their own version of the value of the property through the testimony of their own appraisers. Plaintiffs wanted more. Despite the fact that Kolberg had informed plaintiffs and the court that he had not made an appraisal sufficient to warrant further testimony by him, still plaintiffs wanted to build their own case by forcing defendant's agent, Kolberg, to testify that he had assessed the property at a figure greater than the value for which defendant contends, and by creating an inference unfavorable to defendant by calling attention to its failure to call Kolberg after employing him to examine the property. Other courts have had occasion to reflect upon the practice of attempting to prove one's case by forcing the testimony of the expert retained by the opposing party. It has been said that one litigant should not be permitted to "make use of his opponent's preparation of his case," and that to do so "would penalize the diligent and place a premium on laziness." *McCarthy v. Palmer*, 29 F Supp 585, 586 (D.C.E.D. NY 1939), affirmed 113 F2d 721 (1940). See

also, *Lewis v. United Air Lines Transport Corporation,* 32 F Supp 21, 23 (D.C.W.D. Pa 1940).

For the foregoing reasons we do not believe that the Court's action in excluding the testimony deprived plaintiffs of a fair trial. There was no error.

The judgment is affirmed.