Hillsborough,
No. 5480.

RIDDLE SPRING REALTY CO.

*v.*

STATE.

Argued May 4, 1966.
Decided June 30, 1966.

*Sheehan, Phinney, Bass & Green* and *Joseph F. Devan* (*Mr. Devan* orally), for the plaintiff.

*George S. Pappagianis,* Attorney General, and *R. Peter Shapiro,* Assistant Attorney General (*Mr. Shapiro* orally), for the defendant.

LAMPRON, J. The interrogatories which the State was ordered to answer were the following:

"1. What is the name, address, and job title of the person executing the answers to these interrogatories?

"2. Prior to answering these interrogatories, have you reviewed all data within the possession and control of the State of New Hampshire pertinent to the condemnation of the plaintiff's land?

"3. Describe by metes, bounds and square footage, the land areas taken from the plaintiff.

"4. State whether the damages awarded to the plaintiff were assèssed by a full-time employee of the State, or by an independent real estate appraiser.

(a) Was more than one appraisal made? . . .

"6. What was the date of each appraisal? . . .

"8. What was the highest, best, and most advantageous use of the realty taken?"

The State has waived its objections to answering interrogatories 1, 2, and 3.

The interrogatories which the State refused to answer, and was not ordered by the Court to do so, pertained to the following matters: experience and training of each appraiser; the size of the realty appraised, whether the same, larger or smaller than

that taken; the fair market value of plaintiff's property immediately prior to and after the taking; the portion of damages attributed to severance; whether fair market value was determined by sales of comparable properties, business income or reproduction costs; details as to the criteria used in computing earnings and reproduction costs; other methods, if any, used to determine fair market value; and finally the State was requested to attach to the interrogatories a copy of each appraisal of plaintiff's property.

The State does not contest the fact that discovery is an integral part of our pre-trial procedure and has been given a broad and liberal interpretation. *Durocher's Ice Cream Co.* v. *Peirce Construction Co.*, 106 N. H. 293, 295. Its objections to answering the submitted interrogatories are based mainly on the contention that the information sought is exempt from discovery as within the attorney-client privilege; the work product rule; the provisions of RSA 516:23 and Superior Court Rule 37; and on the ground that opinion evidence and its bases are not subjects of pre-trial discovery.

" The common law rule that confidential communications between a client and an attorney are privileged and protected from inquiry is recognized and enforced in this jurisdiction. " *Shelley* v. *Landry*, 97 N. H. 27, 31. " The rules of evidence which would govern privileged matters at trial govern such matters when they arise during discovery. " 23 Am. Jur. 2d, Depositions and Discovery, s. 169, p. 507; *Monier* v. *Chamberlain*, 213 N. E. 2d 425 ( Ill. App. 1966 ). The general principles of the attorney-client privilege have been stated to be as follows: Where legal advice of any kind is sought from a professional legal adviser in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser unless the protection is waived by the client or his legal representatives. 8 Wigmore, Evidence, ( McNaughton Rev. 1961 ) ss. 2292, 2327-2329, pp. 554, 634-641. This privilege would apply to the State. See *Radiant Burner Inc.* v. *American Gas Association*, 320 F. 2d 314; Annot. 98 A.L.R. 2d 241.

" The essence of a privileged communication between attorney and client and likewise the basis of its exemption from discovery is its confidentiality. " *Monier* v. *Chamberlain*, 213 N. E. 2d

425, 433 ( Ill. App. 1966 ); *Shelley* v. *Landry*, 97 N. H. 27, 31.

Obviously appraisals and reports thereof made by employees of the State or by independent appraisers to the Department of Public Works and Highways, or other such agency or body, in the regular course of the laying out of highways, would not come within the attorney-client privilege. *McDuffey* v. *Boston & Maine R. R.*, 102 N. H. 179; *Brink* v. *Multnomah County*, 224 Ore. 507, 517; McCormick, Evidence, *s.* 93, *p.* 188. Nor would the mere turning over of these documents to the Attorney General or some other lawyer for the State clothe them with that privilege. *LaCoss* v. *Lebanon*, 78 N. H. 413, 414. The test to determine whether they are discoverable is whether their production could have been ordered before transfer to the attorney. *Petition of Snow*, 75 N. H. 7, 8; *United States* v. *Judson*, 322 F. 2d 460, 467 ( 9th Cir. 1963 ); 8 Wigmore, Evidence, ( McNaughton Rev. 1961 ), *s.* 2307, *pp.* 592, 593. However appraisals and reports thereof confidentially made for the State at the request of an attorney from whom the State is seeking legal advice and confidentially communicated or turned over to the attorney would be privileged and not subject to discovery. *Brink* v. *Multnomah County, supra,* 516; 8 Wigmore, Evidence, *supra*, *s.* 2317, *p.* 618.

Even though information and documents may not be privileged from discovery under the attorney-client privilege, they still may be exempt under the work product of the lawyer doctrine. Work product can be defined as the result of an attorney's activities when those activities have been conducted with a view to pending or anticipated litigation. The lawyer's work must have formed an essential step in the procurement of the data which the opponent seeks, and he must have performed duties normally attended to by attorneys. *Hickman* v. *Taylor*, 329 U. S. 495; *Scourtes* v. *Albrecht Grocery Co.*, 15 F. R. D. 55; 50 Colum. L. Rev. 1026, 1063. See *State ex rel Regan* v. *Superior Court*, 102 N. H. 224, 227; *State* v. *Superior Court*, 106 N. H. 228, 231.

These two grounds for denial of pre-trial discovery have different purposes and characteristics. The purpose of the attorney-client privilege is to encourage full disclosure of information between an attorney and his client by guarantying the inviolability of their confidential communications. *Monier* v. *Chamberlain*, 213 N. E. 2d 425, 433 ( Ill. App. 1966 ); 8 Wigmore, Evidence, ( McNaughton Rev. 1961 ) *s.* 2291, *p.* 545. Communications so privileged are not available on discovery nor are they admissible

at the trial itself except on the client's consent. *Kemeny* v. *Skorch*, 22 Ill. App. 2d 160, 164. This does not mean, however, that the observations and conclusions of the experts cannot be testified to and admitted in evidence as relevant facts on the issues being tried. *People ex rel. Dept. of Public Works* v. *Donovan*, 57 Cal. 2d 346, 355; 14 Stan. L. Rev. 455, 469. The purpose for the protection accorded the work product of a lawyer is to preserve our adversary system of litigation by assuring an attorney that his private files shall, except in unusual circumstances ( good cause or necessity ), remain free from encroachments by his adversary. *Sparks Co.* v. *Huber Baking Co.,* 49 Del. 267, 269. Matters which constitute the work product of the lawyer may be subject to discovery for good cause shown, and if material and relevant may be admitted in evidence at the trial. *Therrien* v. *Company*, 99 N. H. 197, 199; *Hickman* v. *Taylor*, 329 U. S. 495, 511; *Day* v. *Illinois Power Co.*, 50 Ill. 2d 52; 23 Am. Jur. 2d, Depositions and Discovery, *s*. 195, *p*. 552.

The work product of a lawyer consists generally of his " mental impressions, conclusions, opinions or legal theories. " *Hickman* v. *Taylor, supra*, 508. It may consist of correspondence, memoranda, reports, such as those of real estate appraisers, exhibits, trial briefs, drafts of proposed pleadings, plans for presentation of proof, statements, and other matters, obtained by him or at his direction in the preparation of a pending or reasonably anticipated case on behalf of a client. *Scourtes* v. *Albrecht Grocery Co.,* 15 F. R. D. 55, 58; James, Civil Procedure ( 1965 ) *s*. 6.9, *p*. 205; 74 Harv. L. Rev. 940, 1030-1031. See *State ex rel. Regan* v. *Superior Court,* 102 N. H. 224, 227; *State* v. *Superior Court,* 106 N. H. 228, 231.

However, unlike communications covered by the attorney-client privilege, the work product, as previously stated, is not beyond the pale of pre-trial discovery. Such matters might be facts admissible in evidence at the trial or might give clues to the existence or location of relevant facts. Or they might be useful for purposes of impeachment or corroboration. If such relevant facts are unobtainable by other means, or are obtainable only under such conditions of hardship as would tend unfairly to prejudice the party seeking discovery, disclosure of work product may be compelled. *Therrien* v. *Company*, 99 N. H. 197, 199, 200; *Day* v. *Illinois Power Co.*, 50 Ill. 2d 52; McCormick, Evidence, *s*. 100, *pp*. 206-208; 74 Harv. L. Rev. 940, 1033-1037. This becomes a matter for determination of the Trial Court in its

discretion by considering the reasons which motivate the protection of the work product of the lawyer together with the desirability of giving every plaintiff and defendant an adequate opportunity to properly prepare his case before trial. *Durocher's Ice Cream Co.* v. *Peirce Construction Co.*, 106 N. H. 293, 295; *Reynolds* v. *Company*, 98 N. H. 251, 253.

The plaintiff states that the purpose of the interrogatories propounded to the State is to ascertain the background, nature, and extent of determination by the State of the fair market value of plaintiff's property at the time of the tender so as to enable it to be more adequately prepared for trial of the pending case. The Trial Court could reasonably find that the answers to the first three interrogatories, to which the State has now waived its objections, would help the plaintiff in his preparation. *Drake* v. *Bowles,* 97 N. H. 471, 472.

The other four questions which the Court ordered the State to answer were: "Whether the damages awarded to the plaintiff were assessed by a full-time employee of the State, or by an independent real estate appraiser"; "was more than one appraisal made"; "the date of each appraisal"; "the highest, best and most advantageous use of the realty taken." On the record before us the answers to these questions could not be found to be within the attorney-client privilege, or part of the work product of an attorney, or otherwise exempt from discovery under RSA 516:23 or Superior Court Rule No. 37 (RSA 491 App R) *Gibbs* v. *Prior,* 107 N. H. 218. Although the Trial Court was not compelled to order that they be answered (see *Rust* v. *Roberts,* 171 Cal. App. 2d 772) it was not an abuse of discretion to do so. *Lefebvre* v. *Somersworth Shoe Co.,* 93 N. H. 354.

The other interrogatories which the Trial Court refused to order the State to answer dealt generally with the details of appraisals made of plaintiff's premises and also sought a copy of each appraisal. The decisions in this field are far from being in agreement. See *State* v. *Whitman,* 91 Ariz. 120, for a review of some of them. We cannot accept the contention made in the State's brief that "the moment the Land Damage Commission is appointed litigation is 'on the horizon' and 'knocking at the door.'" It seems to us that the number of land damage cases litigated out of the extensive takings of property by the State in recent years disproves that contention. Consequently appraisals and reports made by employees of the State or by independent appraisers to the Department of Public Works and Highways,

or other such agency would not normally come under the attorney-client privilege or be part of the work product of a lawyer. Furthermore as pre-existing documents they would not become privileged or exempt from discovery even if they were eventually turned over to an attorney for the State in preparation of litigation. *Brink* v. *Multnomah County,* 224 Ore. 507, 517; 23 Am. Jur. 2d, Depositions and Discovery, *s.* 199, *p.* 556; McCormick, Evidence, *s.* 100, *pp.* 204, 205.

An argument advanced against allowing pre-trial discovery of the type of information sought is that all the facts bearing on the market value of the property in question are as obvious to one side as to the other. Hence the State should not be compelled to disclose in advance of trial the names of its expert appraisers, their methods and mental processes, and the valuation they placed on this property. *United States* v. *6.82 Acres of Land,* 18 F. R. D. 195, 197. See *E. I. Dupont DeNemours & Co.* v. *Phillips Petroleum Co.,* 23 F. R. D. 237; *United Air Lines, Inc.* v. *United States,* 26 F. R. D. 213. It is further argued that in such circumstances it would be unfair for one party to acquire, without expense to him, the expert opinion of one who has already been engaged by his adversary, especially where the party seeking discovery has demonstrated no difficulty in obtaining experts of his own. *Ramacorti* v. *Boston Redevelopment Authority,* 341 Mass. 377, 379; 14 Stan. L. Rev. 455, 479, 482; See Annot. 86 A. L. R. 2d 138, 148.

In favor of pre-trial discovery of such information, it is argued that condemnation cases are rendered long and arduous and sometimes confusing by the numerous detailed questions concerning the factors considered by each appraiser in evaluating the condemned property. Pre-trial discovery, it is maintained, would limit these issues and result in shorter and more effective cross-examination which would enable the trier of facts to better and more intelligently decide the issue involved. *State* v. *Whitman,* 91 Ariz. 120, 124; 111 U. Pa. L. Rev. 509, 512; 74 Harv. L. Rev. 940, 1038. It is also argued that there is no unfairness in ordering pre-trial discovery of this information inasmuch as the initiative for the layout and construction of the highway, the selection of appraisers, the availability of pertinent records, surveys and witnesses, is all within the sole knowledge and control of the State. *Lefebvre* v. *Somersworth Co.,* 93 N. H. 354.

In this state the lodestar has always been whether pre-trial

discovery will contribute to the orderly dispatch of judicial business. Discovery has been regarded as a proper procedural aid for the parties to prepare their case in advance of trial and a logical method of preventing surprise and permitting both court and counsel to have an intelligent grasp of the issues to be litigated and knowledge of the facts underlying them. *McDuffey* v. *Boston & Maine R. R.,* 102 N. H. 179, 181. However this must be accomplished without harassment of the parties or impertinent intrusion in their legitimately private matters. Id., 182. Hence the Trial Court by the exercise of its discretion plays an important role in maintaining the desired flexibility in this important procedural tool. *Drake* v. *Bowles,* 97 N. H. 471, 472; *Durocher's Ice Cream Co.* v. *Peirce Construction Co.,* 106 N. H. 293, 295. Its discretionary orders are subject to review only for abuse of discretion. *McDuffey* v. *Boston & Maine R. R., supra,* 182.

On the record we cannot rule as a matter of law that the Trial Court abused its discretion in refusing to order the State to answer any or all of the interrogatories to which it denied plaintiff's request. Nor can we rule that the Court should have ordered the State to answer any or all of them.

It seems to us however that in the absence of unusual circumstances it would rarely be found in the interest of the orderly dispatch of judicial business to order the State to produce the reports of all appraisals which were made by its experts. The reason being that if the State chooses not to rely on some of these appraisals at the trial their production would merely confuse the issues which is contrary to the purpose of discovery. *State* v. *Whitman,* 91 Ariz. 120, 125. As to the other interrogatories the Trial Court would have to determine whether plaintiff is endeavoring to ascertain the State's defense and the facts it will rely on or whether plaintiff is essentially seeking discovery of facts which will enable it to prove its own case. *Reynolds* v. *Company,* 98 N. H. 251, 253.

*Exceptions overruled.*

All concurred.