Rockingham,
No. 5711.

### FRED E. MUDER

*v.*

### JOHN J. BENTLEY.

Argued April 2, 1968.
Decided May 29, 1968.

*Shaw & Eldredge* ( *Mr. Carleton Eldredge* orally ), for the plaintiff.

*Calderwood, Silverman & Ouellette* and *William B. Cullimore* ( *Mr. Cullimore* orally ), for the defendant.

GRIFFITH, J. The plaintiff excepted to the order of the Trial Court granting the defendant's motion for discovery of the transcript of testimony of witnesses at a hearing before the Newmarket municipal court in the case of State v. Muder. Plaintiff's exception reserved and transferred by *Morris,* J.

Plaintiff in the present civil action seeks damages for injuries sustained in a two-car collision in which defendant's wife was killed. A criminal charge was brought against the plaintiff as a result of the accident and hearing was held before the Newmarket municipal court to determine whether there was probable cause to bind him over to the grand jury. The hearing, held on July 1, 1966, resulted in a dismissal of the charge at the close of the evidence. A stenographer, employed by the plaintiff herein, made a record of the testimony at this probable cause hearing in the Newmarket municipal court.

On June 22, 1967 the defendant by motion for discovery sought a transcript of that record. The Superior Court, after hearing, ordered the plaintiff to furnish a copy at the defendant's expense. No transcript of the hearing on this motion is available. Plaintiff's counsel excepted to this order as an abuse of the Court's discretion and it is this exception that is before us. While appeal was pending in this court a supplementary hearing on the motion was held at the request of counsel for the plaintiff who represent the insurance company defending the plaintiff in actions brought by the defendant arising out of the same accident. A transcript of that hearing has been furnished subsequent to the oral arguments on the case.

Plaintiff argues first that the stenographic record of the municipal court hearing was exempt from discovery as a matter of law, being work product of counsel. Classification of material as work product does not bar discovery in all cases, and if "relevant facts are unobtainable by other means, or are obtainable only under such conditions of hardship as would tend unfairly to prejudice the party seeking discovery, disclosure of work product may be compelled." *Riddle Spring Realty Co.* v. *State,* 107 N. H. 271, 275; *Therrien* v. *Company,* 99 N. H. 197, 200.

In the instant case, however, the transcript sought does not fall within the definition of work product. It cannot be said to be

an "impertinent intrusion in [the parties'] legitimate private matters" (*Riddle Spring Realty* v. *State, supra,* 278) where it is an account of what took place in a public trial. If we were to extend the work product definition to this situation it would have the anomalous result of making private the transcript of a public hearing. *Dougherty* v. *Gellenthin,* 99 N. J. Super. 283; *Combellick* v. *Rooks,* (Mo.) 401 S. W. 2d 460. We have recently held that a statement of the defendant assured made to the insurer's agent shortly after the accident was not exempt under the work product rule (*Hartford Accident &c. Co.* v. *Cutter,* 108 N. H. 112) and neither is this transcript.

Plaintiff argues further that in the absence of a transcript and any affidavit under Superior Court Rule 47, there is no evidence to sustain the discretionary rule of the Trial Court. Superior Court Rule 47 provides in part that the court "will not hear any motion grounded upon facts, unless they are verified by affidavit, or are apparent from the record . . . . " The essential fact here is apparent from the record, *i.e.* the existence of the transcript. But even if it were not, the discretion of the Superior Court to consider motions on allegations of fact not supported by sworn testimony or affidavit was specifically sanctioned in *Stiles* v. *Dube,* 106 N. H. 339. The absence of a record does not help the plaintiff, who has the burden here of establishing that the order was an abuse of the discretionary power of the Trial Court. There is nothing in the pleadings or in the record furnished subsequent to argument to indicate that the Court's discretion was not properly exercised here and the presumption is that it was. *Timmins* v. *Brennan,* 103 N. H. 459, 460.

*Exception overruled.*

All concurred.