Rockingham,
No. 6341.

MARY LOUISE (REYNOLDS) KNOX

*v.*

JOHN H. REYNOLDS.

December 29, 1972.

*Shaines, Madrigan & McEachern (Mr. Paul M. McEachern* orally) for the plaintiff.

*Shaw & Eldredge (Mr. Robert Shaw* orally) for the defendant.

PER CURIAM. A motion by the plaintiff dated May 19, 1971, that the trial court "re-institute" support payments originally ordered in September 1967 in divorce proceedings, and suspended and held in abeyance by order of the court on March 8, 1971, was denied without prejudice by the Superior Court (*Morris,* J.) on August 31, 1971, subject to the plaintiff's exception. The reserved case transferring the issue presented by the plaintiff's exception states that "no evidence was presented to the court" when the order of March 8, 1971, was entered, and that the plaintiff "presented no evidence on her motion to reinstitute payments" filed in May 1971; but that the "court was asked to take judicial notice of the file" in the case.

A divorce was granted to the plaintiff in June 1967, and pursuant to a stipulation of the parties, the defendant was ordered to make weekly payments for the support of two minor children, then three and four years of age, and for the support of the plaintiff so long as she remained unmarried. The order was modified in September 1967 to reduce

the amount payable to the plaintiff for her own support. In October 1969, following hearing at which time it appeared that the plaintiff had remarried, the defendant's right of visitation with the children was modified to provide that he should have them with him for one month during the summer, other provisions relating thereto to remain in effect.

In early 1970, the defendant sought custody of the children, alleging that the plaintiff had wilfully refused to allow him to have the children with him over the Christmas Holidays as provided by the original decree of divorce. An order entered on February 2, 1970, upon this motion denied custody to the defendant, and further provided as follows: "The libelee at his option shall be allowed the right to have the children fly to New Hampshire for visitation periods. On failure to comply with visitation rights, support payments will be held in abeyance pending a hearing."

In early 1971, the defendant moved for enforcement of the order of February 1970, alleging that the plaintiff had been residing in Liverpool, New York, that he had attempted to communicate with his children during the Christmas 1970 season, and that he was informed and believed that they had taken up residence elsewhere in parts unknown. The order of the Court (*Perkins*, J.) entered upon his motion. as to which the reserved case states no evidence was presented, was dated March 8, 1971, and provided: "Arrearage in support payments ordered held in abeyance and present support payments suspended pending further order of the Court." The plaintiff's motion for rehearing was denied by *Perkins*, J. on March 23, 1971. Her motion to reinstitute support payments was thereafter filed in May 1971, and following the hearing at which the court was asked to take judicial notice of the file, was on August 31, 1971, denied without prejudice "on the evidence presented".

The only record before this court is that appearing in the file of the superior court. It is evident therefrom that the order of March 8, 1971, said to have been entered without presentation of evidence, was entered in enforcement of the court's previous order of February 2, 1970, and was strictly in accordance with the terms of that order, the plaintiff having failed to comply therewith.

The latest order, entered on August 31, 1971, was properly based upon the record in the superior court file which was evidence warranting the action of the court in declining to revoke the order of March 8, 1971, by reinstating the previous support order. The burden is on the plaintiff to establish that discretion was abused. *Timmins* v. *Brennan,* 103 N.H. 459, 174 A.2d 419 (1961): *Muder* v. *Bentley,* 109 N.H. 71, 242 A.2d 396 (1968). The record in this court contains nothing to support a claim of error or abuse of discretion. *Douglas* v. *Douglas,* 109 N.H. 41, 242 A.2d 78 (1968); *see Benjamin* v. *Benjamin,* 99 N.H. 117, 119-20, 106 A.2d 187, 189 (1954).

The order complained of was not inappropriate in view of the plaintiff's disregard of prior orders of the court granting the defendant the right to visit his children at reasonable times and places.

*Plaintiff's exception overruled.*