Strafford
No. 6616

REGINALD Willett & *a.*

v.

GENERAL ELECTRIC COMPANY & *a.*

June 29, 1973

*Fisher, Parsons, Moran & Temple (Mr. Robert E. Fisher* orally) for the plaintiffs.

*Burns, Bryant, Hinchey, Cox & Shea* and *James F. Early (Mr. Early* orally) for defendant General Electric Company.

KENISON, C.J. The issue in this products liability case is whether the defendant General Electric Company may discover the reports of all plaintiffs' experts who examined the refrigerator which allegedly exploded, regardless of whether plaintiffs intend to use the reports at trial or whether they are favorable or unfavorable to plaintiffs' case. General Electric filed a motion for discovery in superior court requesting the court to permit the defendant to examine the refrigerator and to "[d]ecree that plaintiffs' attorney furnish your

defendant with access to or copies of all reports and/or memoranda, past, present, and future, either in the possession of plaintiffs' attorney or the 'experts' used by the plaintiffs in examining said refrigerator." The Court *(Mullavey, J.)* granted this motion, and the plaintiffs' exception thereto was transferred to this court.

Plaintiffs contend that they should not be compelled to release to the defendant the reports of every expert consulted because such reports represent the work product of plaintiffs' attorney and are thus beyond the reach of discovery. The position of the defendant in seeking discovery of the reports is that the condition of the refrigerator may have changed since the inspections of plaintiffs' experts and that all of their reports should thus be discoverable in order to "contribute to the orderly dispatch of judicial business." *Riddle Spring Realty Co. v. State,* 107 N.H. 271, 278, 220 A.2d 751, 753 (1966); RSA 491:App. R 60 (e) (Supp. 1972).

Recent decisions of this court have stressed the importance of broad pretrial discovery. *E.g., Calderwood v. Calderwood,* 112 N.H. 355, 296 A.2d 910 (1972); *Scontsas v. Citizens Ins. Co.,* 109 N.H. 386, 253 A.2d 831 (1969); *Riddle Spring Realty Co. v. State supra; McDuffey v. Boston & Maine R.R.,* 102 N.H. 179, 152 A.2d 606 (1959). "There are, however, competing policies which result in imposing some limits on discovery . . . ." F. James, Civil Procedure § 6.8, at 200 (1965). The scope of discovery is generally limited to relevant material that is "not privileged." C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2016 (1970). We have recognized in previous cases that the work product of a lawyer is privileged material. *E.g., Riddle Spring Realty Co. v. State,* 107 N.H. 271, 220 A.2d 751 (1966). This is necessary "to preserve our adversary system of litigation by assuring an attorney that his private files shall, except in unusual circumstances (good cause or necessity), remain free from encroachments by his adversary." *Id.* at 275, 220 A.2d at 756; *accord,* F. James, Civil Procedure § 6.9, at 204-05 (1965).

Reports obtained by a lawyer from his experts are almost always considered to be part of his work product. The reasons are clear. "Reports from experts present peculiar problems. In the first place they are more likely than ordinary statements to reflect questions and lines of inquiry suggested by the

lawyer. Moreover, the expert witness's very relationship to the case usually stems from the choice of the party and his attorney who hire such a witness to become associated with them in examining certain aspects of the case and advising what positions the party should take with regard to them. There seems to be fairly good reason, therefore, for treating these reports as part of the work product of the lawyer in most cases." F. James, Civil Procedure § 6.9, at 207-08 (1965); *see* 4 J. Moore, Federal Practice 26.66 (2d rev. ed. 1972); C. Wright & A. Miller, *supra* § 2029.

Categorizing expert reports as work product, however, does not automatically insulate them from discovery. If "relevant facts are unobtainable by other means, or are obtainable only under such conditions of hardship as would tend unfairly to prejudice the party seeking discovery, disclosure of work product may be compelled." *Riddle Spring Realty Co. v. State,* 107 N.H. 271, 275, 220 A.2d 751, 756 (1966); *Muder v. Bentley,* 109 N.H. 71, 72, 242 A.2d 396 (1968). A party may thus discover as a matter of course the names of those persons his adversary expects to call as expert witnesses at trial, the substance of the facts and opinions about which they are expected to testify, and the basis for their opinions. *See Riddle Spring Realty Co. v. State supra;* Fed. R. Civ. P. 26(b)(4)(A)(i); 4 J. Moore, Federal Practice 26.66[3] (2d rev. ed. 1972); C. Wright & A. Miller, *supra* § 2030. However, the facts known and opinions held by an expert not expected to testify at trial are discoverable ordinarily only "upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(B); *see Humphreys Corp. v. Margo Lyn Co.,* 109 N.H. 498, 256 A.2d 149 (1969); 4 J. Moore, Federal Practice 26.66[4] (2d rev. ed. 1972); C. Wright & A. Miller, *supra* § 2032.

Since General Electric had not examined the refrigerator at the time it moved to produce the expert reports, its need for the reports and the unavailability of the type of information contained therein may not have been established. The defendant may have obtained information from discovery devices or other sources indicating the likelihood that the condition of the refrigerator had changed substantially from

the time it was inspected by plaintiffs' experts. Such a showing would have demonstrated that the factual and conclusory determinations of plaintiffs' experts probably are necessary to the defendant and otherwise unobtainable. Absent a showing to this effect, however, the order of the court should have limited discovery to the experts who are expected to testify at trial. The record does not reveal whether defendant made such a showing and there is no transcript of the proceedings. In this situation the appropriate procedure is to return the case to the superior court for whatever further proceedings justice may require consistent with this opinion. *Calderwood v. Calderwood,* 112 N.H. 355, 296 A.2d 910 (1972).

*Remanded.*

All concurred.