Merrimack
No. 6642

Dorothy Workman, Administratrix of the Estate
of Gary Workman, Sr.

v.

Public Service Company of New Hampshire

Frank J. LaFond v. Same

Eddella LaFond v. Same

Dorothy Workman v. Same

Same v. Wm. T. Donovan Co.

July 31, 1973

*Upton, Sanders & Upton* and *Robert Upton II (Mr. Upton* orally) for Dorothy Workman and Frank J. Lafond.

*Wiggin, Nourie, Sundeen, Pingree & Bigg* and *Kurt M. Swenson (Mr. Swenson* orally) for Wm. T. Donovan Co.

*Sulloway, Hollis, Godfrey & Soden* and *Martin L. Gross (Mr. Gross* orally) for Public Service Company of New Hampshire.

KENISON, C.J. The issue in this discovery case is whether petitioners may discover defendant's expert reports. The reports pertain to expert investigations of the conditions at defendant's generating plant at Bow, New Hampshire where an explosion or fire occurred on June 1, 1970 injuring one of the plaintiffs and killing plaintiff's decedent, Gary Workman. In September 1972, plaintiffs Workman and Lafond filed a motion for discovery in superior court seeking to require the defendant and its counsel to file with the clerk of court all reports of any third parties prepared for either the defendant or its counsel covering any investigation of the incident. Shortly thereafter, third-party defendant Wm. T. Donovan Co. filed a similar motion. Public Service Company entered timely objections to the motions with a request for hearing. After hearing, the Trial Court *(Perkins,* J.) granted the motions, subject to Public Service Company's exception. The superior court allowed and transferred defendant's bill of exceptions to this court.

Plaintiffs' case rests substantially upon their claim that the explosion or conflagration causing the death and injuries was caused by an accumulation of coal gas or other explosive or combustible material in one or more silos located beneath the tripper room where Workman and Lafond were working at the time of the fire or explosion. Within several days after the incident, an engineer retained by Public Service Company began an extensive investigation of the occurrence. In support of their discovery motions, petitioners claim that the engineer's reports are vital to their case because the conditions in the silos and tripper room obtaining shortly

after the explosion bear directly on the cause of the fire or explosion and are impossible of duplication. Public Service Company claims that the reports are not discoverable because they contain the work product of their attorney.

We recently set forth the principles governing the discoverability of expert information in *Willett v. General Electric Co.*, 113 N.H. 358, 306 A.2d 789 (1973). That case held that expert information and opinions are discoverable as a matter of course if the expert is expected to testify at trial. *Id.* If he is not expected to testify, his information and opinions are still discoverable so long as a showing is made that "relevant facts are unobtainable by other means, or are obtainable only under such conditions of hardship as would tend unfairly to prejudice the party seeking discovery . . . ." *Id.; Riddle Spring Realty Co. v. State,* 107 N.H. 271, 275, 220 A.2d 751, 756 (1966); *Muder v. Bentley,* 109 N.H. 71, 72, 242 A.2d 396 (1968).

While the parties in this case did not have the opportunity of considering the *Willett* decision at the time the instant case was argued in this court, we think the principles therein set forth should control the discovery of the actual expert reports as well as the information contained therein. *Security Industries, Inc. v. Fickus,* 432 P.2d 172 (Alaska 1968); *see* Md. Rule of Civ. Proc. 410 c. 2. Whatever increase in work product disclosure will result from allowing discovery of the report itself in addition to that revealed by the expert through interrogatories or depositions should be more than offset by the resulting decrease in litigation time and expense and the increase in just settlements and adjudications. *See Security Industries, Inc. v. Fickus supra;* Friendenthal, *Discovery and Use of an Adverse Party's Expert Information,* 14 Stan. L. Rev. 455 (1962); Long, *Discovery and Experts under the Federal Rules of Civil Procedure,* 39 Wash. L. Rev. 665 (1964), reprinted in 38 F.R.D. 111 (1966); Note, *Discovery of Expert Information,* 47 N.C.L. Rev. 401 (1969). Expert information and testimony can often control the outcome of litigation, particularly in complex cases, and any other rule than the one we adopt today would belatedly and improperly

reinstate the game theory of litigation to our system of dispute resolution. Finally, the rule we are adopting should be simple to administer and should improve the pretrial hearing process by identifying and narrowing the issues, increasing the stipulations, and generally improving the chances of just settlements in advance of trial. *See* RSA 491:App. R 60 (e) (Supp. 1972); 4 California Law Revision Commission, *Discovery in Eminent Domain Proceedings* 707, 708-09 (1963).

To summarize our holding, expert reports of experts expected to testify may be discoverable as a matter of course. The reports of experts not expected to testify are discoverable upon a showing of good cause, particularly the practicable unavailability elsewhere of relevant information. *See Willett v. General Electric Co.,* 113 N.H. 358, 306 A.2d 789 (1973). An expert is "expected to testify" if and when it becomes reasonably probable that he will be called as a witness. The superior court can prevent and control abuses of these rules in the exercise of its discretion with respect to the timing and reciprocity of expert reports, the deletion of nondiscoverable material, and the awarding of costs and counsel fees in appropriate cases. *See* RSA 491: App. R 60 (b), (e), (i) (Supp. 1972).

*Exception overruled; remanded.*

All concurred.