### SHELLY TRACTOR & EQUIPMENT CO. v. ARNOLD CONSTRUCTION CO., et al.

No. 71-C-3233.

Circuit Court, Fifteenth Judicial Circuit.

January 7, 1974.

Levy, Plisco, Perry & Reiter, West Palm Beach, for the plaintiff.

Gunster, Yoakley, Criser, Stewart & Hersey, West Palm Beach, and Fowler, White, Humkey, Burnett, Hurley & Banick, West Palm Beach, for the defendants.

LEWIS KAPNER, Circuit Judge.

This matter is presented upon defendant's motion for a protective order.

Defendant, in answer to interrogatories, stated that he intended to use a Mr. Klaiber as an expert witness in this case. On August 15, 1973 plaintiff filed a motion for leave to take the deposition of Mr. Klaiber and two other expert witnesses. This motion was granted on November 7, 1973. Subsequently, on December 10, 1973, the defendant filed a motion for a protective order, claiming that he no longer expected to call Mr. Klaiber as an expert witness at trial. It is that motion which is before the court now.

Depositions are being sought under Rule 1.280, which is patterned after Federal Rule 26. It seems clear that if defendant now expects to call the witness at the trial, plaintiff would have the right to depose him; contrariwise, if defendant had never expected to call the witness at trial, plaintiff then could not depose him except upon showing of special need, which has not been shown here. The issue then is whether a party, once he reaches the point of "expecting to call an expert witness at trial," may then protect that witness from deposition when he later decides not to call him.

Discovery is normally related to trial preparation. Discovery of expert witnesses is precluded from discovery as part of an attorney's work product except under two circumstances —

> 1. "If the relevant facts are unobtainable by other means, or are obtainable only under . . . conditions of hardship." Willett v. General Electric Company, N.H., 1973, 306 A.2d 789; or

> 2. When it becomes reasonably probable that he would be called as a witness. Workman v. Public Services Co. of New Hampshire, N.H., 1973, 308 A.2d 540.

The rationale of the second exception, the one upon which plaintiff seeks discovery, is not that the witness may have relevant information, for this in itself is an insufficient reason for discovery, but that a party is entitled to depose a witness who is expected to testify, so that that party may prepare for trial. A witness not expected to testify at trial is, quite simply, *not* expected to testify at trial, even though at one point in time he may have been included on a list of witnesses.

Accordingly, it is ordered that defendant's motion for a protective order is granted.