WPI v. Meritor                          CV-97-478-M    09/13/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


WPI Termiflex, Inc.,
      Plaintiff

      v.                                        Civil No. 97-478-M

Meritor Automotive, Inc.,
      Defendant


**O R D E R**


WPI Termiflex, Inc. ("Termiflex") brings this diversity action against Meritor Automotive, Inc. ("Meritor"), seeking damages for breach of contract and breach of the implied covenant of good faith and fair dealing.  It claims that Meritor's predecessor in interest (Rockwell International Corporation) breached a contract to purchase customized, handheld computers developed by Termiflex.

During the course of discovery, Termiflex served Meritor with a subpoena duces tecum seeking, among other things, testimony concerning "environmental testing of the Data System Project."  In response, Meritor offered Gary Ford, its Director of Electronics, as its Rule 30(b)(6) designee to testify regarding that category of information.  Importantly, however, Meritor disclosed that it expected that Mr. Ford might also offer

"opinion testimony in regard to certain damages issues." See Meritor's memorandum (document no. 18) at 2. Accordingly, Mr. Ford was deposed in his capacity as both a Rule 30(b)(6) witness with regard to environmental testing and as an expert witness with regard to damages.

In preparing for his deposition, Ford received and reviewed all documents produced in this matter, which counsel for Meritor assembled according to their bates system numbers. Meritor says that to facilitate Ford's review, counsel provided Ford with a document index. That index also contained short excerpts from some or all of the documents counsel considered relevant to Meritor's defenses and counterclaims. That index is now the subject of dispute. Termiflex wants it and Meritor claims it is privileged (the attorney-client privilege and/or the work-product doctrine) and not subject to discovery.

The dispute presents an unusual situation in which New Hampshire's attorney-client privilege is arguably at odds with federal rules of discovery. Meritor's discovery obligations are governed by the Federal Rules of Civil Procedure. The extent to which the index is privileged (and arguably shielded from

discovery), however, is governed by New Hampshire law.  See Fed. R. Evid. 501.


## Discussion

At the outset, it is worth noting that the bases for Termiflex's claim to the document index is not entirely clear. Termiflex seems to claim that the index is discoverable under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure, insofar as Termiflex asserts that the index was provided to Meritor's expert witness in anticipation of his deposition.  See Termiflex's reply memorandum (document no. 20) at 2.  See generally Fed. R. Civ. P. 26(a)(2) (setting forth the rules governing the disclosure of expert reports and all "data or other information considered by the witness in forming the [expert] opinions") (emphasis supplied).

It also bears noting that this case presents a fairly unique situation in which one person, Mr. Ford, appeared at his deposition in two distinct capacities: first, as Meritor's corporate designee under Rule 30(b)(6), and second, as Meritor's expert witness on damages.  Unfortunately, the record is unclear as to how, or the extent to which, Mr. Ford "considered" or relied upon the index in preparing for his deposition.  Perhaps

3

overstating the record evidence a bit, Termiflex asserts that Ford relied, at least in part, upon that index in forming his expert opinions on damages (thus, implicitly invoking the provisions of Rule 26(b)). <u>See</u> Termiflex's memorandum (document no. 15) at 2 (referencing pages 27-30 and 143-44 of Ford deposition). Ford, however, is more circumspect, saying only that he used the index to help him locate documents concerning environmental testing and suggesting that the index provided no assistance to him in forming his expert opinions on damages. <u>See</u> Ford deposition at 30. <u>See also</u> Affidavit of Gary Ford (attached to document no. 22) (testifying that he used the index solely as a means by which to locate documents; that he acquired his understanding of matters at issue in this case solely based upon his review of the documents themselves, and not the index; and that he never retained a copy of the index).

Insofar as Mr. Ford may have been provided with (or "considered") the disputed index only to assist him in preparing for his testimony as Meritor's corporate representative (and not as an expert witness on damages), the provisions of Federal Rule of Civil Procedure 26(a)(2)(B) would seem inapplicable. Nevertheless, the court need not resolve that factual dispute because even if Rule 26 <u>does</u> apply to the parties' current

4

discovery dispute, the court concludes that, under the unique circumstances presented in this case, it does not require Meritor to disclose the disputed document.[1]

At its core, the disputed document is simply an index of all written materials produced during discovery. Termiflex concedes that it has copies of all such documents and has likely prepared a substantially similar index of its own. As to some of the documents appearing on the disputed index, counsel for Meritor apparently excerpted portions which they believed relevant to Meritor's claims and defenses and included those excerpts in the index. Termiflex does not dispute that characterization:

> Simply put, the index is a summary of documents produced during discovery by both Meritor and Termiflex with selected excerpts of certain documents considered relevant to Meritor's counterclaims and defenses.

---

[1] There is considerable debate as to whether the provisions of Rule 26, as amended in 1993, require the disclosure of privileged materials provided to an expert witness in preparation for his or her testimony. Pointing to the advisory note to Rule 26(a)(2)(B), a number of courts have concluded that disclosure of even privileged materials is required. See, e.g., B.C.F. Oil Refining, Inc. v. Consolidated Edison Co., 171 F.R.D. 57, 66 (S.D.N.Y. 1997). Other courts, however, have reasoned that the amended rule does not abrogate the work product or attorney client privileges. See, e.g., The Nexxus Products Co. v. CVS New York, Inc., ___ F.R.D. ___, 1999 WL 498055 (D. Mass. June 22, 1999).

Termiflex's memorandum at 6. Thus, it would appear that Termiflex seeks the index exclusively to: (1) learn which documents counsel for Meritor believed were important to Meritor's claims and defenses in this action; and (2) review whatever editorial comments counsel may have made with regard to some of those documents. Meritor asserts that all such information is protected by both the work product doctrine and the attorney-client privilege. The court need only address the latter argument.

In response to Meritor's assertion of the attorney-client privilege, Termiflex says that Mr. Ford "is not a client or representative of a client of Meritor because he is not a member of the 'control group.'" Termiflex's memorandum at 6. Accordingly, Termiflex asserts that any materials provided to him are necessarily non-privileged. Moreover, Termiflex contends that even if the index is arguably privileged, that privilege was waived when Meritor shared it with Mr. Ford. Id., at 3-4. The court disagrees.

As the Rule 30(b)(6) designee, Mr. Ford appeared and testified as the corporal embodiment of Meritor. Thus, he was necessarily "the client" and the attorney-client privilege

6

attaches to any information counsel provided to him for the purposes of providing legal opinions, legal services, or assistance to Meritor. See N.H. R. Evid. 502(b). As the client, Mr. Ford's membership (or non-membership) in the so-called "control group" is immaterial. That inquiry is only relevant when the privilege is asserted with regard to materials shared with an agent of the client; here, as noted above, Mr. Ford was the client, not merely one of its agents. Likewise, the attorney-client privilege is not waived by providing him - the client - with otherwise privileged documents which constitute "confidential communications made for the purpose of facilitating the rendition of professional legal services" to Meritor. See N.H. R. Evid. 502(b)(1) ("A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications . . . between the client or his or her representative and the client's lawyer. . ..").

Based upon the record currently before it, the court concludes that the index generated by Meritor's counsel and provided to Mr. Ford constitutes a "confidential communication" and falls within the scope of New Hampshire's attorney-client privilege. See N.H. R. Evid. 502(a)(5) and (b)(1). See also Riddle Spring Realty Co. v. State, 107 N.H. 271, 273 (1966).

7

And, Termiflex has failed to demonstrate that the circumstances presented in this case warrant intrusion into that attorney-client relationship. <u>See, e.g.</u>, <u>McGranahan v. Dahar</u>, 119 N.H. 758, 764 (1979) ("The attorney-client privilege may not be absolute when there is a compelling need for the information and no alternate source is available."). <u>See also</u> <u>State v. Eason</u>, 133 N.H. 335, 345 (1990) (suggesting, at least in the context of a criminal trial where constitutional issues of confrontation are presented, that a defendant may, upon an adequate showing of need, pierce the attorney-client privilege and review otherwise privileged materials in the possession of a witness).

## Conclusion

This case presents a somewhat unique situation in which "the client" (i.e., Mr. Ford appearing as the corporal embodiment of Meritor) gave deposition testimony as both a fact witness and an expert witness. Thus, while the provisions of Rule 26(a)(2)(B) would ordinarily apply (and might arguably require disclosure of the privileged materials provided to Mr. Ford and upon which he relied in forming his expert opinions), the circumstances of this case are sufficiently unique that the court concludes that those provisions do not operate to annul the attorney-client privilege

8

between defense counsel and their client, Meritor, appearing in the person of Mr. Ford.

The index provided to Mr. Ford prior to his deposition testimony includes: (1) a list of materials readily available to plaintiffs; and (2) opinions and other "confidential" communications provided to Meritor in furtherance of counsel's provision of legal services (i.e., an implicit statement of counsel's opinion as to which documents, or portions thereof, are central to Meritor's claims and defenses in this proceeding). Consequently, the circumstances presented in this case are distinct from those in which the attorney-client privilege is arguably waived when otherwise privileged materials are provided to an expert witness. Here, the privileged materials were provided to the client itself; they were not shared with an independent third-party hired simply to offer expert opinion testimony.

Accordingly, the court concludes that the requested materials are protected from disclosure by the attorney-client privilege. Termiflex's motion to compel (document no. 15) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

September 13, 1999

cc:   Thomas J. Donovan, Esq.
      Anthony M. Feeherry, Esq.
      E. Tupper Kinder, Esq.