Strafford,
No. 4475.

RIGO A. VASOLI *v.* EVELYN M. VASOLI.

Argued March 7, 1956.
Decided April 27, 1956.

*Thomas E. Flynn, John DeCourcy* and *Alfred Catalfo, Jr.* (*Mr. DeCourcy* orally), for the libelant.

*Frank W. Peyser* for the libelee.

DUNCAN, J. In instructing his client not to answer questions concerning the status of her savings, the libelee's counsel asserted that there is no statutory provision for disclosure of the wife's assets in advance of trial as there is with respect to the husband's (RSA 458:19), and relied upon the decision in *Veino* v. *Veino,* 96 N. H. 439, for the proposition that "therefore such inquiry is not permitted." In putting the questions, counsel for the libelant asserted a right to "trace" his client's money, which the libelee had concededly "controlled" during the period in question. The libelant's motion likewise seeks the right of "tracing" all funds "now standing in the name of the libelee, or others." The libelant's assertion that the motion was denied as a matter of law, and not in discretion, seems not to be disputed.

We are satisfied that the motion was properly denied. RSA 458:19, *supra,* provides in part that: "Upon a decree of nullity or divorce, the court . . . may compel the husband to disclose, under oath, the situation of his property. . . . " In *Veino* v. *Veino, supra,* it was held that under this statute such disclosure may in discretion be required in advance of entry of a decree. It was also there noted that the jurisdiction of the court in divorce matters has long been considered in this state to be strictly statutory.

The provisions for disclosure by the husband are of early origin. R. S., (1842) *c.* 148, *s.* 13. See 5 N. H. Laws 732, 733. Occasion for pre-trial disclosure by a wife was not likely to have arisen with any frequency, before provision was made in 1887 authorizing a decree "that the husband shall have a part of the estate of the wife in the nature of alimony, as justice may require." RSA 458:22. No provision was then made however for disclosure of the wife's assets, and none has since been made. The existence of statutory authority to compel disclosure by the husband, with no comparable provision for disclosure by the wife must be deemed to indicate that none was intended. *American &c. Ins. Co.* v. *Ohmart,* 100 N. H. 167. Just as the power of the court to require the support of children was formerly restricted to an order against "the guilty party" (P. L., *c.* 287, *s.* 15; *Salta* v. *Salta,* 80 N. H. 218; *cf.* RSA 458:17), so the power to order disclosure before trial is now limited in application to the husband.

Nor is any broader authority to be derived from the statutory provisions relating to the taking of depositions, for it is settled that such statutes do not apply to actions for divorce. *Clough* v. *Clough,* 80 N. H. 462.

Despite these limitations, the Trial Court has undoubted authority at the trial of the divorce action to then require such disclosure as may be thought material to the issues, and to decree such equitable division of the property of the parties as justice may require. *Fowler* v. *Fowler*, 97 N. H. 216, 218. Such a division may provide for an allowance to the husband (*Malbouf* v. *Malbouf*, 97 N. H. 342), and may be made without regard to whether equitable as distinguished from legal title is in the one party or the other. Before the trial however, disclosure by the wife may not be compelled.

By asserting in the course of the deposition the right to "trace" his past earnings into the account, the libelant in effect claims a present interest in his own right in any savings made by the libelee from his earnings. He now suggests that his interest in such funds may be used to satisfy any claim which his wife may be found to have against him in this proceeding or in her petition for separate maintenance which she seeks to amend to a libel for divorce. *Cf. Whipp* v. *Whipp*, 54 N. H. 580. The libelee has argued that any savings made from her own earnings are her own property (RSA 460:1; *Cooper* v. *Alger*, 51 N. H. 172) and that any earnings which the libelant paid over to her are "presumed to [have been] made to benefit" her. *Barrett* v. *Cady*, 78 N. H. 60, 67. The issue so raised might properly be presented by bill in equity to establish a resulting or constructive trust. *Kachanian* v. *Kachanian*, 100 N. H. 135. In such a proceeding the Court, in the exercise of its general equity powers (RSA 498:1; 491:7; *Hartnett* v. *Hartnett*, 93 N. H. 406) would doubtless have the authority in its discretion to order the disclosure as a matter of discovery. *Therrien* v. *Company*, 99 N. H. 197, 200. But the issue of title to the savings account is not presented by the pending libel, and the scope of the inquiry on the deposition was properly to be limited to matters relevant to the pending cause. See *Swinglehurst* v. *Busiel*, 84 N. H. 327.

*Exception overruled.*

All concurred.