Rockingham,
No. 5045.

BARBARA HUNTRESS & a. v. MARGARET TUCKER.

Argued June 6, 1962.

Decided September 28, 1962.

*McLane, Carleton, Graf, Greene & Brown* and *Jack B. Middleton* (*Mr. Middleton* orally), for the plaintiffs.

*Devine, Millimet & McDonough* and *John S. Holland* (*Mr. Holland* orally), for the defendant.

DUNCAN, J. In support of their exception to the order of the Trial Court directing the plaintiff Margaret Lurvey to answer the questions put to her on deposition, the plaintiffs rely upon RSA 516:23. This statute, first enacted in 1858 (Laws 1858, c. 2090) now provides: "PARTY DEPONENT. No party shall be compelled, in testifying or giving a deposition, to disclose the names of the witnesses by whom nor the manner in which he proposes to prove his case, nor, in giving a deposition, to produce any writing which is material to his case or defense, unless the deposition is taken in his own behalf."

Although it appears that when the deposition was taken, the defendant knew the name of the witness about whom inquiry was made, the plaintiff asserts that she should neither be required to name the witness, nor to furnish information by which he could otherwise be identified.

In construing the controlling statute nearly a hundred years ago, the court in *Eaton* v. *Farmer*, 46 N. H. 200, 202, said: "So . . . if it reasonably appears that the answer of the party will disclose the names of his witnesses and the manner of proving his case, and he states that it will do so, he ought not to be required to state fully how it will have that effect . . . ." The statute has since been re-enacted without substantial change, and so far as we are aware the practice under it has consistently proceeded upon the assumption that parties are privileged from disclosing the names of witnesses on deposition. See *Petition of Bradley*, 71 N. H. 54. To permit the opposing party to compel identification of a witness by description other than by name, or by requiring the party to confirm a name furnished by his opponent, would defeat the statutory purpose by allowing to be done by indirection what is forbidden to be done directly. We are of the opinion that the plaintiff Lurvey was within her statutory rights in declining to answer the questions put to her.

The defendant asserts that the question put to the plaintiff "was not . . . seeking the name of a witness by whom she intended to prove her case." While this suggests a distinction which is made in other jurisdictions (see *Krupp* v. *Chicago Transit Authority*, 8 Ill. 2d 37, 39; 6 Wig. Ev. (3d *ed.*) *s.* 1856c (supp)), and in a case of first impression might be thought to better comport with present-day procedures than the practice here, our settled rule contemplates that the party deponent's determination as to whether a question calls for the name of a "witness by whom

. . . he proposes to prove his case" shall be binding upon his opponent. *Eaton* v. *Farmer, supra.*

On the issue of costs, the provisions of RSA 517:12 cited by the plaintiffs, are inapplicable. The defendant did not neglect or refuse to take the depositions after the taking was agreed upon. In fact much of one deposition was taken, and examination was merely suspended. The deposition of the second plaintiff was not commenced, presumably because similar difficulty was anticipated. While the second deposition might also have been taken in part, an adjourned session would not have been avoided. Moreover, the defendant was under no obligation to commence the second deposition before the first was completed, nor was he requested to do so. See *Ott* v. *Hentall,* 70 N. H. 231, 235.

Since the order with respect to costs may have been affected by the erroneous view adopted with reference to the plaintiff's statutory privilege, the order is vacated.

*Exceptions sustained.*

All concurred.