Merrimack,
No. 5441.

SARAH L. GIBBS, *Adm'x* v. RODERICK E. PRIOR.

Argued March 1, 1966.
Reargued May 3, 1966.
Decided May 31, 1966.

*Sulloway, Hollis, Godfrey & Soden* and *Lawrence E. Spellman* and *Arthur W. Mudge II* ( *Mr. Mudge* orally ), for the plaintiff.

*Cofran, Quint & Greenhalge* ( *Mr. Frederic T. Greenhalge* orally ), for the defendant.

DUNCAN, J. By legislation effective on July 23, 1963, the limitations upon recovery for wrongful death were raised to twenty and forty thousand dollars, and RSA 556:13 was further amended by the addition of the following proviso: "provided however that in the trial of any such action by jury, the jury shall not be informed of the limitation of recovery imposed by this section, and if the jury award damages in excess of such limitation the court shall reduce the amount of damages to conform to such limitation." Laws 1963, *c.* 98; RSA 556:13 ( supp ). Our attention is also called to the fact that a bill to abolish limitations upon recovery in death cases was reported inexpedient to legislate at the 1963 session of the Legislature. House Journal *p.* 794.

Before the amendment of 1963, it was not unusual for counsel

in argument, or the court in instructing the jury, to inform the jury of the statutory limitation upon recovery. See *Thibeault* v. *Brown,* 92 N. H. 235, 237. Such a practice appears to have the sanction of the weight of authority, so long as the limitation is clearly stated to be a limit upon the recoverable amount and not a measure for the assessment of damages by the jury. Annot. 2 A.L.R. 2d 454.

In support of the motion to increase the ad damnum of the writ, plaintiff's counsel frankly stated that it was offered "in the light of the common law rule which allows . . . counsel to argue the ad damnum to the jury." *Duguay* v. *Gelinas,* 104 N. H. 182, 187. Plaintiff ascribes to the Legislature in enacting the 1963 proviso a purpose to ensure assessment of the damages by the jury, free from any risk that the limitation may be misused by the jury, or that the damages may be assessed "on a sliding scale between zero and the applicable limitation" rather than by "application of its own judgment to the proof." See Franklin, "Wrongful Death and Survival Actions," 6 N. H. B. J. 305, 322-323. Permission to amend the writ, plaintiff suggests, is consistent with the legislative purpose to free the jury from any restrictive influences which knowledge of the statutory limit might impose.

In support of his exceptions the defendant argues that the proviso of the 1963 amendment under which the jury is not to be informed of the limitation upon recovery by the plaintiff, is unconstitutional; and that in view of the $40,000 limitation applicable in this case justice does not require that the plaintiff be permitted to increase her ad damnum beyond its original amount of $50,000.

The constitutional argument is that the proviso somehow operates to prevent the defendant from availing himself "of the same statute under which the plaintiff brings his action," and thus to deny him the equal protection of the laws. We consider however that the statute applies equally to both parties, since under it neither party may inform the jury of the limitation on recovery.

The defendant suggests further that the proviso is a legislative encroachment upon the powers of the judiciary ( Const., Pt. I, *Art.* 37th ), one of which is to instruct a jury in the law applicable to a given case. This contention would disregard the circumstance that the law concerning which a jury is to be instructed is the law bearing upon the issues of fact submitted to the jury, and

upon its arrival at a proper verdict. Knowledge of a statutory limitation upon the amount of recovery is not essential to the proper performance of its task by a jury, nor is authority to impart that knowledge to a jury an essential attribute of the judicial power. Jurors may determine the guilt or innocence of a prisoner without being informed of the penalty for guilt. Like the court-made rule which keeps from the jury knowledge of the existence of insurance in automobile cases, the 1963 statute is designed to exclude from the trial considerations which may reasonably be thought unnecessary to performance of the jury's function, ordinarily irrelevant to the issues before it for decision, and sometimes fraught with the risk of misuse. We think the statute valid, and find no abuse of discretion in the order allowing amendment of the writ, no issue of excessive attachment being presented. See RSA 511:53 ( supp ).

The defendant argues that the issue of the plaintiff's right to discovery of the identity of the witness at whose house the defendant visited prior to the accident should be controlled by RSA 516:23 providing in part as follows: "No party shall be compelled, in testifying or giving a deposition, to disclose the names of the witnesses by whom nor the manner in which he proposes to prove his case nor, in giving a deposition to produce any writing which is material to his case or defense . . . . " See *Huntress* v. *Tucker,* 104 N. H. 270.

After rehearing and reconsideration, we are persuaded that this view should not be adopted. The statute in question was first adopted in 1858 ( Laws 1858, *c.* 2090, *s.* 1 ), a year after parties were made competent witnesses by statute. Laws 1857, *c.* 1952. Prior thereto, principles relating to discovery in equity were a part of the established law of New Hampshire. *Tappan* v. *Evans,* 11 N. H. 311; *Wheeler* v. *Wadleigh,* 37 N. H. 55; *Reynolds* v. *Fibre Company,* 71 N. H. 332. See R. S. ( 1842 ) 171:6; RSA 498:1. We find no indication that the statute of 1858 was intended to limit the equitable jurisdiction of the court to grant discovery under established rules. Rather, as suggested by *Eaton* v. *Farmer,* 46 N. H. 200, 201, "These rules are modified by the law under consideration, so that the party . . . is only protected from disclosing his title to property when it is not material in the cause, leaving it to be implied that if it *be* material, he is not protected, but must answer as if on the stand."

Although no early New Hampshire cases on the subject have

come to our attention, Wigram, cited by the court in *Eaton* v. *Farmer, supra,* 201, succinctly stated the applicable principle in his work Points in the Law of Discovery, published in 1842, as follows: "344. It seems also clear, that this right of a plaintiff to discovery in support of *his own case* is not abridged as to any particular discovery, by the consideration that the matter of such particular discovery may be evidence of the defendant's case *in common* with that of the plaintiff." Wigram, *supra, p.* 260. See also, *Id., s.* 325, *p.* 242. The same principle is consistently restated in later treatises on the subject: Story's Equity Pleading (9th *ed.*) *s.* 572, *p.* 450 (1879); Bispham's Principles of Equity (7th *ed.*) *s.* 561, *p.* 737 (1905); 1 Pom. Eq. Juris. (4th *ed.*) *s.* 201, *pp.* 294-5 (1918).

In *LaCoss* v. *Lebanon,* 78 N. H. 413, the principle was adverted to in a bill for discovery in which the defendant was ordered to produce certain documents. *Id.,* 414. After reviewing the statute which is now RSA 516:23 the court commented: "The court is the only tribunal which has jurisdiction of that question [whether production of a document will promote discovery of the truth] and as a deposition is not taken in its presence the legislature saw fit to relieve parties giving their depositions from producing writings on which they rely to prove their cases." But the court thereupon proceeded to hold: "There is no statute which provides either in terms or by implication that a party cannot be compelled to produce . . . in advance of the trial when that is necessary to prevent injustice . . . . " *Id.,* 416, 417. See also, *Reynolds* v. *Company,* 98 N. H. 251, 253; 6 Wigmore, Evidence (3d *ed.*) *s.* 1856c and supp; Grinnell, Discovery in Massachusetts, 16 Harv. L. Rev. 110, 117-119.

We conclude that the authority of the court in equity to compel discovery in accordance with established principles is unaffected by the statute relating to depositions (RSA 516:23) and that there was no error in the order requiring the plaintiff to disclose the identity of the witness in question. *Kinney* v. *Rice,* 238 Fed. 444 (D. Mass., 1916); *cf. Hooton* v. *Dalby,* [1907] 2 K. B. 18.

*Exceptions overruled.*

All concurred.