Hillsborough,
No. 5860.

JOHN SCONTSAS & a.

*v.*

CITIZENS INSURANCE COMPANY.

Argued March 5, 1969.
Decided June 3, 1969.

*Leonard, Leonard & Prolman* and *McLane, Carleton, Graf, Greene & Brown* and *James R. Muirhead* (*Mr. Muirhead* orally), for the plaintiffs.

*Sheehan, Phinney, Bass & Green* and *E. Paul Kelly* (*Mr. Kelly* orally), for the defendant.

GRIMES, J. This is an action in assumpsit to recover for the loss of two paintings, both by Lecteg, which were insured by the defendant.

The plaintiffs moved for discovery and at about the same time issued subpoenas to certain employees of the defendant to appear to give their depositions and to bring with them essentially the same documents which were requested in the motion for discovery. The Trial Court (*Flynn*, J.) granted the motion for discovery subject to defendant's exception but limited it to documents dated before the loss, and on motion of defendant stayed the taking of depositions pending appeal subject to plaintiffs' exception. All exceptions have been transferred.

The plaintiffs owned two paintings which were insured by the defendant, one for $95,000 and one for $55,000, under a valued policy first issued on September 25, 1964 for one year and reissued to cover the period to September 25, 1966. The plaintiffs allege that both paintings were stolen from their home on September 24, 1966.

The plaintiffs filed a motion for summary judgment accompanied by an affidavit. In a counter-affidavit, it appeared that the defense of misrepresentation and fraud as to the value of the paintings was being raised by the defendant, and it was also alleged that the policy was issued by the John G. Scontsas Insurance Agency. The plaintiffs waived the motion for summary judgment and filed the motion for discovery in question.

The motion for discovery makes fourteen separate requests including such items as the applications for the policy, correspondence, intracompany memoranda, reports and records relating to the credit and character of the plaintiffs, the value of the paintings, the request for coverage, the artist and his paintings, the decision to accept the risk, policies recommended, drawn up or issued to plaintiffs on the paintings, and all other documents in the original underwriting file relating to the policy in dispute and all reports and correspondence at the time of

and after the loss relating to the loss, the prospects of recovery, value of the paintings and character of the plaintiffs.

The main contention of the defendant is that discovery is limited to matters relating to a party's own case and that inquiry into matters relating to the adverse party's case may not be permitted. See *Reynolds* v. *Company,* 98 N. H. 251, 253; *Ingram* v. *Railroad,* 89 N. H. 277, 278-279; *Riddle Spring Realty Co.* v. *State,* 107 N. H. 271, 278; *Gibbs* v. *Prior,* 107 N. H. 218, 222.

It has long been recognized that discovery is an important procedure "for probing in advance of trial the adversary's claims and his possession or knowledge of information pertaining to the controversy between the parties. [The] underlying purpose is to reach the truth . . . ." *Hartford Accident &c. Co.* v. *Cutter,* 108 N. H. 112, 113.

It is the philosophy of the adversary system that the truth will more likely be reached if both sides of the issue are fully presented and that this is more likely to occur if the sides are presented by partisan advocates. To permit the system to have maximum effectiveness, therefore, each of the advocates must be fully informed and have access to all evidence favorable to his side of the issue. This is true whether the issue is one which has been raised by him or by his opponent, and whether the evidence is in the possession of his opponent or someone else. If a party is surprised by the introduction of evidence or an issue or the presentation of a witness previously unknown to him, the trier of fact is likely to be deprived of having that party's side of the issue fully presented, and the system becomes less effective as a means of discovering the truth. Subject only to the limitations of full or qualified privileges full discovery, under the discretionary control of the Trial Judge to prevent harassment, has "supplanted the older notion . . . [of] the right of each party to keep from disclosure the facts which he intended to show at trial . . . ." (*Hartford Accident &c. Co.* v. *Cutter, supra,* 113-114) and those which he intended not to show. See also, Federal Rules of Civil Procedure, Rule 26 (b).

The order complained of compels discovery of matters which may be relevant on the issues raised by the defendant in its counter-affidavit and which may aid the plaintiffs in presenting their side of these issues. The order was well-within the discretionary power of the Trial Court and was proper.

We find no abuse of discretion in the order staying depositions. It only preserved the status quo pending a determination of the issues presented here. *Hillsborough* v. *Superior Court,* 109 N. H. 333.

*Exceptions overruled.*

LAMPRON and GRIFFITH, JJ., did not sit; the others concurred.