Bernard F. McCaffrey, J.
The application of defendants Murray Lachoff and Sondra Lachoff to take the deposition upon oral testimony of the plaintiff Bita Lachoff is granted. The cross motion of the plaintiff Bita Lachoff to vacate the notice of *513 examination before trial served by the defendant Herbert J. Krohn is denied.
At the outset the court finds that the cause of action brought against the defendant Herbert J. Krohn is not a matrimonial action as defined under section 170 of the Domestic Relations Law, for this is an action based on alleged fraud and duress and conspiracy and, therefore, the defendant Krohn proceeded by a notice of motion to take the oral deposition of the plaintiff.
The court finds that not only has the plaintiff failed to show special circumstances to support her contention that the motion to take her deposition should be denied, but to the contrary, her actions herein establish special circumstances as to why all the defendants herein are entitled to take her deposition by oral testimony.
In the particular matter before the court it is noted that the plaintiff by order of Mr. Justice Oppido of this court, entered November 9, 1971, was granted an order for an examination before trial of the defendants. At that time in her moving papers the plaintiff stated she was seeking disclosures not only as to the financial position of the defendant Murray Lachoff, but also as to discussions, consultations and meetings between the defendants, preparation of separation agreement, power of attorney, deed referred to in the complaint, and all other instruments, communications and correspondence. The scope of the examination also related to the knowledge of the defendant Krohn and the defendant Murray Lachoff as to the plaintiff’s physical and mental condition, in that plaintiff alleges that she suffers from an incurable neurological disease known as Huntington’s Disease, and also as to other factual data related to the seven causes of action that she has combined in her complaint, namely:
1. Declaring a separation agreement to be null and void.
2. Setting aside as null and void a judgment of divorce entered in Chihuahua, Mexico.
3. Declaring the plaintiff to be the lawful wife of the defendant Murray Lachoff.
4. Awarding a judgment of separation in favor of the plaintiff against the defendant Murray Lachoff.
5. Awarding custody of the infant issue of the marriage, with reasonable provision for their support and maintenance.
6. Awarding money damages in the amount of $58,000 because of the alleged fraud and duress and conspiracy of the defendants Murray Lachoff and Herbert J. Krohn.
*514 7. Declaring a trust for the benefit of the plaintiff against the defendants Murray Lachoff and Sondra Lachoff, as to the proceeds of the sale of certain properties.
The plaintiff cites a number of cases holding that disclosure procedures are not permitted in matrimonial cases unless special circumstances justifying such disclosures are shown to exist. However, the court notes that all of these cases are prior to the 1967 amendments to the Domestic Relations Law.
The basis for these decisions was the concept that to permit disclosure procedures in matrimonial actions, particularly as to the other party’s financial resources, might possibly impede or prevent any possible reconciliation. This rationale can no longer be considered valid for, pursuant to the 1967 Domestic Relations Law revisions, the Legislature mandated that the parties must go through a conciliation procedure at the outset of the matrimonial action prior to the service of the complaint. Therefore, there is no valid reason why disclosure procedures should not be fully available to a party in a matrimonial action to the same extent as any other action. (Practice Commentaries by Prof. David D. Siegel, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3101, pp. 18-20; The Disclosure Battle in Matrimonial Contests by Arnold C. Stream, 1ST. Y. L. J. April 22, 1971, p. 1, col. 4.)
There appears to be different rules amongst the various judicial departments in this State insofar as permitting pretrial examinations in matrimonial actions, such as in the First Department where the rule still appears to be that the moving party must show special circumstances, particularly in regard to questions concerning the financial resources of the other party on the theory that to permit said examination may possibly impede or prevent any possible reconciliation of the marriage (Hunter v. Hunter, 10 A D 2d 291 [1st Dept., 1960]), or the rule in the Second Department which would allow a pretrial examination unless special circumstances were shown warranting its denial. (Campbell v. Campbell, 7 A D 2d 1011 [2d Dept., 1959]; Plancher v. Plancher, 35 A D 2d 417, affd. 29 N Y 2d 880.) Even a more liberal interpretation of allowing discovery procedures appears to be followed in the Fourth Department. (Dunlap v. Dunlap, 34 A D 2d 889 [1970].)
It is of note that in a recent decision of the Court of Appeals in the matter of Plancher v. Plancher (29 N Y 2d 880, affg. 35 A D 2d 417, supra) which was decided on January 5, 1972, the Court of Appeals, though not specifically referring to the various rules followed by the Departments in connection with pre *515 trial discovery of matrimonial actions, affirmed, on the opinion of the Appellate Division of the Second Department, an order directing the defendant to answer certain interrogatories served upon her by the plaintiff holding that1 ‘ since defendant had not shown any circumstances which would render the disclosure of her financial condition improper, the requested disclosure thereof served the objective of adequate preparation of the parties for trial and the orderly and expeditious conduct of the trial.” (29 N Y 2d at p. 882). Therefore, though it cannot be said that the Court of Appeals has completely removed the cloak of restrictions relating to disclosure procedures in matrimonial actions, it at least helps to clarify the maze that surrounds disclosure procedures in matrimonial actions in the various departments by affirming the rule of the Second Department, which is affirmative in nature, namely, that discovery procedures will be permitted in matrimonial actions unless the opposing party is able to show circumstances which would render the said disclosure improper; and also the holding (35 A D 2d at p. 422) specifically stating that “ the disclosure requested * * * serves the objective of adequate preparation of the parties for trial and the orderly and expeditious conduct of the trial”, the Court of Appeals has established necessary guide lines to allow both parties the right to make proper discovery inquiries as to all necessary and material facts in advance of the trial. As previously noted in this particular instance the defendants, pursuant to the rule as set down by the Court of Appeals in Plancher v. Plancher, are entitled to take the deposition upon oral testimony of the plaintiff, subject, of course, to the plaintiff’s continuing right to apply for individual protective orders in the event she deems any of the inquiries to be improper.
Plaintiff’s request to be reimbursed for costs to come to New York from Florida for purposes of said deposition is denied, as she has failed to show that she is so economically oppressed as not to be able to at this time underwrite her own expenses and abide by the usual practice whereby the party who ultimately prevails on the merits being permitted at that later time to tax such expenses as disbursements and recover them from the losing side. (CPLE 8301, subd. [a].) This is particularly so in this matter, in that plaintiff acknowledges making previous trips at her own expenses from Florida to New York in connection with this litigation.
Inasmuch as the plaintiff is in Florida and is alleged to be suffering from Huntington’s Disease, the date, time and place *516 of the examination before trial of the plaintiff by the defendants Murray Lachoff, Sondra Lachoff and Herbert J. Krohn shall be agreed upon by all the parties herein. However, in the event that they are unable to agree, then the plaintiff is directed to appear for her examination at Special Term, Part II, of this Court, Boom 05 (lower level), Supreme Court Drive, Mineóla, New York, on April 10, 1972, at 9:30 a.m.