Hillsborough,
No. 5780.

ROSELLE A. ROY, EXECUTRIX UNDER THE
WILL OF ALPHONSE ROY

*v.*

MONITOR-PATRIOT CO.
NORTH AMERICAN NEWSPAPER ALLIANCE, INC.

March 31, 1972.

Modified April 28, 1972.

*McLane, Carleton, Graf, Greene & Brown* and *Bois & LaFlamme*
(*Mr. Stanley M. Brown* orally) for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* and *Robert A.
Backus* (*Mr. Backus* orally) for the defendants.

PER CURIAM. This action for libel is the same case re-
ported in *Roy* v. *Monitor-Patriot Co.,* 109 N.H. 441, 254 A.2d
832 (1969). Certiorari was granted by the Supreme Court
of the United States which held that criminal conduct no

matter how remote in time or place can never be irrelevant to a candidate's fitness for office so as to bring the publication within the private sector not requiring the application of the "knowing falsehood or reckless disregard" requirements of *New York Times Co.* v. *Sullivan,* 376 U.S. 254, 11 L. Ed. 2d 686, 84 S. Ct. 710 (1964); *Monitor Patriot Co.* v. *Roy,* 401 U.S. 265, 28 L. Ed. 2d 35, 91 S. Ct. 621 (1971). Because the jury was permitted to determine that the charge that Roy was a "former small-time bootlegger" (referring to conduct from 26 to 37 years prior to publication) was not relevant and that the New York Times' standard was not applicable the judgment for the plaintiff was reversed and "the case remanded for further proceedings not inconsistent with" the Supreme Court's opinion.

Following the Supreme Court's decision plaintiff moved for reargument in this court of certain questions relating to her exceptions which were not passed upon in our previous opinion because they were considered moot in view of the conclusion we then reached. Defendants also moved for judgment on the basis that the evidence at the former trial would not support a finding of constitutional malice as required by *New York Times* v. *Sullivan supra* and subsequent cases. The trial court had ruled that the evidence was insufficient to support such a finding against North American Newspaper Alliance, Inc. (NANA) but submitted the issue as to Monitor Patriot Co. (Monitor).

Plaintiffs contend that on retrial certain evidence which was erroneously excluded, together with evidence which she hopes to acquire by discovery which was erroneously denied prior to trial, will, together with other evidence, furnish a sufficient basis for submission of the issue if indeed the evidence at the former trial was inadequate, which she denies.

The case arose out of the publication in the Monitor of Drew Pearson's syndicated column, "D.C. Merry-Go-Round", which referred to Alphonse Roy, then a candidate in the Democratic Primary for United States Senate as a "former small-time bootlegger", in connection with a story regarding the procurement of "straw candidates" to split the vote. The column was distributed by NANA under a contract which it is claimed provided that Pearson would indemnify defen-

dants against damages for libel because of the publication of the column. Plaintiff claims evidence of the indemnity agreement was erroneously excluded at the trial. She also contends that the denial of her motion to discover all reports, correspondence, memoranda or other documentary evidence relating to the publication prevented her from discovering what information was in possession of NANA and what investigation, if any, it made with respect to the content prior to distribution.

The indemnity contract between NANA and Pearson required it to distribute Pearson's material but gave it no right to control the content of the column or edit it without Pearson's consent. It is claimed that the newspapers to which the column was distributed by NANA for publication also received indemnification but could edit and delete as they saw fit. Although there was evidence that NANA sometimes discussed the content with Pearson when an item was questioned, it does not appear that NANA raised any question about the column here involved.

Evidence of the agreement with Pearson is relevant on the issue whether the conduct of the defendants in distributing and publishing the article was reckless. The indemnity part of the agreement cannot in itself establish malice but the conduct of the defendants is to be judged in the light of all the circumstances in which they acted. The plaintiff has a heavy burden involving proof of the state of mind of the defendants and she is entitled to the benefit of all competent evidence to support her contentions. Any inference of disregard by defendants of serious doubts concerning the truth of the publication would tend to be substantiated by the indemnification against liability and the credibility of the actors as witnesses would be correspondingly diminished.

That part of the agreement requiring NANA to distribute the column without deletions is also relevant on the question of NANA's malice. *See Hoyt* v. *Horst,* 105 N.H. 380, 201 A.2d 118 (1964). The fact that it bound itself in advance under an indemnity agreement with the author to distribute whatever he wrote sheds some light on its conduct and because of this agreement we also think that any malice on the part of Pearson should be chargeable to NANA although not to

Monitor. This being so the indemnity agreement is also relevant on the question of Pearson's credibility.

The indemnity agreement here involved is unlike an ordinary insurance contract where the indemnitor is not involved in the activities which create the liability. Here the indemnitor Pearson is in fact the principal actor who creates the material which he induces others to publish by promising indemnification. The fact that NANA agreed to become a mere conduit and bound itself to distribute whatever Pearson dictated only on the condition of indemnification against liability for libel is in itself some evidence of NANA'S state of mind regarding the material it expected Pearson to produce. It was error therefore not to admit the agreement in evidence.

Plaintiff argues that Roy was prevented from obtaining discovery against defendants because the trial court excused defendants from answering certain interrogatories and because discovery was denied of all "reports, correspondence, memoranda or other documentary evidence in the possession of defendants or of Drew Pearson, describing or otherwise relating to the report referred to in the column in issue ... including the names and addresses of the persons who prepared such reports, memoranda or other documentary evidence."

It was proper not to require defendants to answer written interrogatories since Superior Court Rule No. 29 authorizing interrogatories adopts the provisions of RSA 516:23 which excuses parties on deposition from disclosing the names of witnesses or the means by which they propose to prove their cases. Since discovery under the supervision of the court is not subject to the limitations of RSA 516:23 relating to depositions or Superior Court Rule No. 29 (RSA 491 App. R. 29), we hold that discovery was improperly denied in this case. *Scontsas* v. *Citizens Insurance Co.,* 109 N.H. 386, 253 A.2d 831 (1969); *Gibbs* v. *Prior,* 107 N.H. 218, 220 A.2d 151 (1966).

The case is remanded therefore to permit plaintiff to have discovery and a new trial. Defendant's motion for judgment is denied without prejudice to its renewal in the trial court after plaintiff's evidence has been presented.

*New trial.*