Strafford,
No. 6251.

WALTER A. CALDERWOOD

*v.*

DOROTHY A. CALDERWOOD.

November 3, 1972.

*Sulloway, Hollis, Godfrey & Soden* and *Lawrence E. Spellman* (*Mr. Spellman* orally) for the plaintiff.

*Devine, Millimet, Stahl & Branch* and *Richard E. Galway* (*Mr. Galway* orally) for the defendant.

LAMPRON, J. This is a petition under RSA 458:19 filed in April 1970 by a former wife of the plaintiff for an extension of an alimony order. The main issue presented on appeal is whether a former husband can obtain the depositions of his divorced wife and of the bank in which she maintains her accounts in order to prepare for a hearing.

The parties were divorced April 12, 1965, and alimony of $1000 per month was decreed. This was reduced to $930 on May 1, 1967. Walter sought a continuance of Dorothy's petition for extension to permit him to obtain her deposition and examine her records to enable him to "present the issues reasonably to the court". The motion was granted by *Dunfey*, J., and both parties were ordered to appear for depositions. The appearance of Walter was later waived. Dorothy appeared for deposition but did not produce all the records sought. Walter then filed a motion for discovery of her records and issued a subpoena on the cashier of the First National Bank of Portsmouth to appear for a deposition and produce all records of accounts maintained by Dorothy. The motion for discovery was denied by *Flynn*, J., who also enjoined the taking of the bank cashier's deposition. Walter then moved for reconsideration of the court's previous orders. This was denied and his exceptions to the denials

of his motions were reserved and transferred to this court.

RSA 458:19 reads in part as follows: "Alimony. Upon a decree of nullity or divorce, the court may restore to the wife all or any part of her estate, and may assign to her such part of the estate of her husband, or order him to pay such sum of money, as may be deemed just, provided that in cases in which no children are involved . . . said order shall be effective for not more than three years from the date thereof, but such order may be renewed, modified or extended if justice requires for periods of not more than three years at a time; and may compel the husband to disclose, under oath, the situation of his property; and before or after the decree, may make such orders and use such process as may be necessary."

The three-year provision of this statute requires a re-examination and readjustment of an alimony decree in the light of the changing needs and financial circumstances of the parties. *Madsen* v. *Madsen*, 109 N.H. 457, 255 A.2d 604 (1969). This feature has prompted one commentator to single out New Hampshire as "the only state which has made any effort to provide conceptual guidance to trial judges." R. Levy, Uniform Marriage and Divorce Legislation: A Preliminary Analysis 153 (Prepared for the Special Committee on Divorce of the National Conference of Commissioners on Uniform State Laws).

In support of the trial court's denial of Walter's motion to discover his former wife's financial assets, needs, and expenses by depositions, Dorothy relies principally on *Vasoli* v. *Vasoli*, 100 N.H. 200, 122 A.2d 533 (1956). In that case this court held that a husband seeking a divorce from his wife could not compel her to disclose her assets by a deposition in advance of the trial on the merits. It is to be noted that, unlike the present case, no decree of divorce had been entered and that the part of RSA 458:19 pertaining to the three-year limitation of certain alimony orders was not involved. The *Vasoli* decision recognized, however, that assets are a material factor in arriving at a just alimony and that their disclosure could be compelled at the trial. *Id.* at 202, 122 A.2d at 535.

Pretrial discovery by way of deposition, or otherwise, has been regarded in this jurisdiction as a proper procedural

aid for the parties to prepare their case in advance of trial and has been given a broad and liberal interpretation. *McDuffey* v. *Boston & Maine Railroad,* 102 N.H. 179, 181, 152 A.2d 606, 608 (1959). Discovery has been recognized as a reasonable means of preventing surprise, of enabling both court and counsel to have an informed grasp of the issues to be litigated, and of promoting pretrial exchange of information. *Riddle Spring Realty Co.* v. *State,* 107 N.H. 271, 277, 220 A.2d 751, 758 (1966); *Scontsas* v. *Citizens Insurance Co.,* 109 N.H. 386, 388, 253 A.2d 832-33 (1969); *see Stephenson* v. *Stephenson,* 111 N.H. 189, 194, 278 A.2d 351, 355 (1971).

It is indisputably the law in this State that the jurisdictional power of the superior court in divorce matters is entirely statutory. *Rockwood* v. *Rockwood,* 105 N.H. 129, 194 A.2d 771 (1963). It is equally well established that the manner in which this jurisdiction is to be exercised has been left to the discretion of the trial court. *Carpenter* v. *Carpenter,* 78 N.H. 440, 449-51, 101 A. 628, 632-33 (1917); *Clough* v. *Clough,* 80 N.H. 462, 466, 119 A. 327, 330 (1922). It was held in *Clough* v. *Clough, supra,* and restated in *Vasoli* v. *Vasoli, supra,* that our deposition statute (RSA ch. 517) has no application to depositions in divorce cases. However, it was recognized in *Clough* and in *Veino* v. *Veino,* 96 N.H. 439, 78 A.2d 522 (1951), that the court in its discretion could permit depositions in divorce matters.

There is a tendency in most jurisdictions to make more extensive use of depositions in divorce cases. Clark, Law of Domestic Relations 391 (1968); 3 Nelson, Divorce *s.* 25.01 (1945); *see Lachoff* v. *Lachoff,* 69 Misc. 2d 512, 330 N.Y.S.2d 227 (Sup. Ct. 1972); *Baskerville* v. *Baskerville,* 246 Minn. 496, 75 N.W.2d 762 (1956); *Minor* v. *Minor,* 240 So. 2d 301 (Fla. 1970); *Welsh* v. *Welsh,* 469 P.2d 404 (Wyo. 1970). Control over their use can be exercised by the discretionary power of the trial court and by rule of court. *Scontsas* v. *Citizens Insurance Co.,* 109 N.H. 386, 388, 253 A.2d 832-33 (1969); Superior Court Rule No. 234 (Apr. 4, 1972). The evident legislative purpose of the three-year provision of RSA 458:19 is to provide a periodic review of the needs and resources of the parties. We are of the opinion that depositions in advance of the hearing in such cases would enable the parties

to better present their own contentions and explore those of the other party. This procedure would be useful to the court in arriving at a just order. We hold that the trial court in its discretion can authorize the taking of depositions before hearing on motions to renew, modify or extend under that part of the statute.

It is generally held that documents relating to an account between a depositor and a bank are not privileged from statutory discovery. 27 C.J.S. Discovery *s.* 72, at 232 (1959); *see Crest Catering Co.* v. *Superior Court,* 62 Cal. 2d 274, 398 P.2d 150, 42 Cal. Rptr. 110 (1965); *Loughlin* v. *Miller,* 55 Misc. 2d 12, 284 N.Y.S. 2d 197 (Sup. Ct. 1967). We see no reason why a bank account should be privileged from discovery under order of a court in cases where the financial resources of a party are an essential element in issue. *See* Annot., 27 A.L.R.3d 1375 (1969). We hold that the trial court can order such a deposition in its discretion in advance of hearing.

We cannot determine from the record whether the denial of Walter's request to take his former wife's deposition and the granting of the motion to enjoin the taking of the bank official's deposition were made by the trial court as a matter of law or in the exercise of discretion. Hence these matters are remanded to the trial court for reconsideration in the light of this opinion.

In view of the result reached it is unnecessary to consider the remaining issues raised by the parties.

*Remanded.*

GRIFFITH, J., did not sit; GRIMES, J., did not participate in the decision; the others concurred.