Hillsborough
No. 7766

JAMES J. BARRY, SR.

v.

R. A. HORNE

August 29, 1977

*Malloy & Sullivan* and *James J. Barry, Jr. (Mr. Barry* orally), for the plaintiff.

*Brown & Nixon (Mr. Stanley M. Brown* orally), for the defendant.

KENISON, C.J. The plaintiff instituted a libel action against the defendant who published certain written statements that were allegedly false and defamatory. During the plaintiff's deposition of the defendant, the defendant was asked to reveal the names of persons at the Department of Housing and Urban Development from whom he had obtained information about the plaintiff. He refused to do so on the ground that some or all of these people might become witnesses at the trial and that under RSA 516:23 he was not required at his deposition to disclose the names of his witnesses. Plaintiff thereafter filed a motion to compel disclosure of witnesses. *Cann,* J., granted the motion, and the defendant's exception was reserved and transferred to this court.

RSA 516:23 states that "[n]o party shall be compelled, in testifying or giving a deposition, to disclose the names of the witnesses by whom nor in the manner in which he proposes to prove his case. . . ." Although similar limitations still exist in many jurisdictions, Annot., 19 A.L.R.3d 1114 (1968), they have been criticized as antiquated rules hindering the modern progress toward full pretrial discovery. 6 J. Wigmore, Evidence § 1856(b) (Chadbourne rev. 1976), and the trend today is toward relaxing these restrictions. *Id.* § 1856(c) at 561. The secrecy permitted by RSA 516:23 is somewhat inconsistent with the policies underlying new Superior Court Rule 35(b)(1) (1977), which like Rule 26(b)(1) of the Federal Rules of Civil Procedure allows very broad discovery. We also note that the witness list withheld under the statute must be eventually disclosed anyway by virtue of new Superior Court Rule 62B(13) (1977), which requires counsel in jury cases to submit, within one year after the return day of the original action, the names and addresses of all the witnesses to be called at the trial.

The most recent application of RSA 516:23 was in 1962 in *Huntress v. Tucker,* 104 N.H. 270, 184 A.2d 562 (1962). That case and, of course, the statute are still valid today but have no application to *court-supervised* discovery. However, the pattern of our decisions has been to limit the operation of the statute to

its specific, narrow terms. Since *Huntress,* for example, we have held the statute inapplicable to certain interrogatories that were asked of the state in an eminent domain case. *Riddle Spring Realty Co. v. State,* 107 N.H. 271, 276, 220 A.2d 751, 756–57 (1966). We have also held that the law does not extend to a corporation's agents or employees where the corporation is a party litigant. *Humphreys Corp. v. Margo Lyn, Inc.,* 109 N.H. 498, 256 A.2d 149 (1969). In *Gibbs v. Prior,* 107 N.H. 218, 222, 220 A.2d 151, 154 (1966), this court concluded that "the authority of the court in equity to compel discovery . . . is unaffected by [RSA 516:23] and that there was no error in the order requiring the plaintiff to disclose the identity of the witness in question." Finally, in *Roy v. Monitor-Patriot Co.,* 112 N.H. 80, 83, 290 A.2d 207, 209 (1972), we extended *Gibbs* and held that disclosure of witnesses could be compelled through court-supervised discovery.

█  In this case the plaintiff's attempt to obtain information by deposition was unsuccessful. His subsequent resort to court-supervised discovery through the filing of his motion to compel disclosure was proper. *Roy v. Monitor-Patriot Co.,* 112 N.H. 80, 290 A.2d 207 (1972). We find no abuse of discretion in granting the motion. Broad pretrial discovery is clearly important under today's litigation conditions. *Willett v. General Electric Co.,* 113 N.H. 358, 306 A.2d 789 (1973). "To protect the names of witnesses is to prevent the opposing party from having access to the very information that the discovery rules were designed to make available— facts that are within the exclusive control and knowledge of his adversary. Without the identity of the witnesses, a party has little chance of learning the facts necessary to establish his claim or defense." Note, *Discovery of Witnesses and Potential Parties in Texas,* 50 Tex. L. Rev. 354 (1972).

█  We are aware of the theory propounded by some commentators that attainment of the truth is not necessarily a primary goal of the adversary system. *See, e.g.* Freedman, *Judge Frankel's Search for Truth,* 123 U. Pa. L. Rev. 1060, 1065 (1975); 9 The Third Branch (No. 6) pp. 2–3 (June 1977). These writers view considerations such as the zealous representation of a client's interests or the determination of a just result as the paramount concerns of the adjudicative process. Although these goals are essential, we are convinced that a truth-seeking adversary system is the only legitimate means through which they may be attained. The

denial of effective truth-seeking devices presents "serious obstacles in the way of thoroughgoing attainment of the end of law." 3 R. Pound, Jurisprudence 356 (1959).

The granting of the plaintiff's motion in this case will likely promote the search for the truth and enhance the effectiveness of the adversary system in New Hampshire. *Scontsas v. Citizens Insurance Co.*, 109 N.H. 386, 253 A.2d 831 (1969). If, for some reason, the defendant believes that as a result of his disclosures he will be subject to "annoyance, embarrassment, oppression, or undue burden or expense" he may seek a protective order. Superior Court Rule 35C (1977).

*Defendant's exception overruled.*

GRIMES, J., did not sit; the others concurred.